### In re BOGEN.

(District Court, S. D. Ohio, W. D. June 4, 1904.)

#### No. 3,485.

BANKRUPTCY—PREFERENTIAL TRANSFER—NOTICE OF CREDITORS.

> The owner of certain notes secured by chattel mortgage, duly filed, transferred them without intent to defraud his creditors, and the assignment was indorsed on the mortgage, and the mortgage and the assignment indorsed thereon were duly recorded. *Held,* that the failure of the bankrupt's creditors to ascertain the fact of such assignment was chargeable to their own negligence, and such transfer was insufficient ground for the filing of a petition in bankruptcy more than four months thereafter, under Bankr. Act July 1, 1898, c. 541, § 3, 30 Stat. 546 [U. S. Comp. St. 1901, p. 3422], providing for the filing of a petition against an insolvent who has committed an act of bankruptcy within four months of the commission of such act, which time shall not expire until four months after the date of the recording of such transfer, when the transfer was made with the intent of giving a preference, if by law such recording is required, or, if it is not, from the date when the beneficiary takes notorious, exclusive, or continuous possession of the property; the possession required under the law being, as applied to intangible forms of personal property, such possession as is usual and ordinary.

In Bankruptcy. Submitted on the pleadings and the evidence.

Edwards Ritchie and Coffey, Mallon, Mills & Vordenberg, for petitioner.

Stephens, Lincoln & Stephens, for respondent.

THOMPSON, District Judge. October 2, 1903, Boden made a preferential transfer of three promissory notes to Field, a creditor, and March 9, 1904, other creditors filed a petition in bankruptcy against him, setting up this transfer as an act of bankruptcy, both as a preference and as a conveyance to defraud creditors.

The evidence fails to show that the transfer was fraudulent, but it is claimed that it does show that Field did not take notorious, exclusive, or continuous possession of the notes more than four months prior to the filing of the petition in bankruptcy. The evidence shows that the notes were made October 1, 1903, and were payable as follows: One, November 1, 1903; one, January 1, 1904; and one, February 15, 1904—and that a chattel mortgage was given to secure them, which was duly filed in compliance with the laws of Ohio; that Bogen assigned the chattel mortgage to Field; that the assignment was indorsed

upon the mortgage, and recited that the notes had been transferred to Field; that the first note was paid to Field at maturity; that the other notes were received by Field in Wisconsin, where he resided, October 6, 1903; and that he sold them to the Bank of Wassau, Wis., before maturity.

Section 3 of Bankr. Act July 1, 1898, c. 541, 30 Stat. 546 [U. S. Comp. St. 1901, p. 3422], provides:

"That a petition may be filed against a person who is insolvent and who has committed an act of bankruptcy within four months after the commission of such act. Such time shall not expire until four months after the date of the recording or registering of the transfer or assignment when the act consists in having made a transfer of any of his property * * * for the purpose of giving a preference * * * if by law such recording or registering is required or permitted, or, if it is not, from the date when the beneficiary takes notorious, exclusive or continuous possession of the property. * * *"

Assuming that the words "takes notorious, exclusive or continuous possession" apply to the intangible forms of personal property, they must be construed to mean such possession as the property is susceptible of, and such as is usual and ordinary, unaccompanied by acts or conduct tending to conceal its ownership. In re Woodward, 2 Am. Bankr. R. 233. Any construction which would place such property on a plane with tangible property would lead to mischievous and serious interference with business and commercial transactions, which it cannot be assumed was contemplated by Congress. Here there was no attempt to conceal the true ownership of the property, and the exercise of reasonable diligence on the part of the petitioning creditors would have disclosed the fact that Field became the owner of these notes October 2, 1903. The creditors knew that Bogen had sold the Kolb Hotel and had taken the purchaser's promissory notes for a part of the purchase money, and through inquiry could have ascertained that these notes were secured by a chattel mortgage, and an examination of the files of the recorder's office would have shown the mortgage, and the assignment thereof indorsed upon it, reciting the transfer of the notes to Field. Their failure to ascertain the fact must be charged to their own negligence, and not to any conduct of Bogen violative of the bankrupt act.

There will be a finding that Bogen was not a bankrupt, and the petition will be dismissed, with costs.