## CONGLETON v. ROBERTS.
### No. 6732.

Circuit Court of Appeals, Fifth Circuit.
Nov. 30, 1932.

W. H. Slay, of Fort Worth, Tex., for appellant.

Before BRYAN, SIBLEY, and WALKER, Circuit Judges.

WALKER, Circuit Judge.

This is an appeal from an order dismissing an involuntary petition in bankruptcy which was filed on February 25, 1932. The petition alleged the insolvency of the alleged bankrupt, E. J. Roberts, and that within four months next preceding the date of the petition he committed the following acts of bankruptcy:

"(a) In that he transferred and conveyed a part of his property, being more specifically described as 165 shares of the capital stock of the Roberts Ice Company, Inc., having a face value of $100.00 per share, to his two sons and to his wife, without consideration, with the intent to hinder, delay, and defraud his creditors, or any of them.

"(b) In that he conveyed, transferred, concealed and removed various items of personal property, including money, with intent to hinder, delay and defraud his creditors, or any of them.

"(c) In that he transferred and pledged 55 shares of the capital stock of the Roberts Ice Company, Inc., having a par value of $100.00 per share, to his wife, while insolvent, with the intention to prefer her over his other creditors."

The alleged bankrupt put in issue the petition's allegations as to acts of bankruptcy. As to the transfers of corporate stock mentioned in the above set out paragraph (a), there was no evidence inconsistent with that to the effect that certificates for shares of the capital stock of the Roberts Ice Company were issued in March, 1930, to members of the family of the alleged bankrupt, the stock book of said corporation showing that each of such certificates was issued for shares of such stock transferred by the alleged bankrupt. As to the transfer of stock mentioned in the above set out paragraph (c), the evidence showed that a certificate for 55 shares of the capital stock of said corporation was issued to the alleged bankrupt, dated March 7, 1930, and that that certificate had thereon an indorsement in writing, dated December 13, 1930, and signed by the alleged bankrupt, stating that "for value received I hereby sell, assign and transfer to Mrs. Emma Roberts all shares of the capital stock represented by the within certificate, and do hereby irrevocably constitute and appoint ———— to transfer the said stock on the books of the within named corporation, with full power of substitution in the premises." The minutes of a meeting of the directors of the Roberts Ice Company, Inc., held on the 13th day of December, 1930, after reciting the presence of E. J. Roberts, Sr., E. A. Roberts, and E. J. Roberts, Jr., all the directors, showed the offer and passage of a resolution instructing President E. J. Roberts, Sr., to borrow for the corporation from the separate funds of Mrs. Emma Roberts the sum of $8,000 to pay on the amount of approximately $12,000 due by the corporation to the Baker Ice Machine Company of Texas, and to borrow such further amounts as the corporation might need and Mrs. Emma Roberts might be willing to lend it, and to execute to Mrs. Emma Roberts a note of the corporation for $8,000, also securing any additional loans, and secured by the stock of all the stockholders except Mrs. Emma Roberts; said note being payable on demand and bearing 8 per cent. interest. There was no evidence in conflict with testimony to the effect that the last-mentioned certificate was transferred, as indicated by the written indorsement thereon, to Mrs. Emma Roberts, as collateral security for the corporation's note to her for the principal sum of $8,000, borrowed from her pursuant to the above-mentioned resolution.

There was no evidence as to a transfer of property by the alleged bankrupt other than that above mentioned.

It is apparent that the above-mentioned transfers of corporate stock made in March, 1930, did not entitle appellant to maintain his petition; those transfers having been made more than four months before the filing of the petition. 11 USCA § 21 (b). It was contended that, as to the transfer and pledge referred to in the above set out paragraph (c), the petition was in time under the provision of the Bankruptcy Act that "such time shall not expire until four months after (1) the date of the recording or registering of the transfer or assignment where the act consists in having made a transfer of any of his property with intent to hinder, delay, or defraud his creditors or for the purpose of giving a preference as hereinbe-

**904**

fore provided, or a general assignment for the benefit of his creditors, if by law such recording or registering is required or permitted, or, if it is not, from the date when the beneficiary takes notorious, exclusive, or continuous possession of the property unless the petitioning creditors have received actual notice of such transfer or assignment." 11 USCA § 21 (b). So far as we are advised, there is no provision in the registry laws of Texas which is applicable to such a transfer as the one now in question. In that state a transfer of stock of a private corporation as security for a debt by the delivery of the certificate therefor indorsed in blank is effective against subsequent process against the registered holder, though such transfer was not registered on the corporate books. Tombler v. Palestine Ice Co., 17 Tex. Civ. App. 596, 43 S. W. 896. The allegation of the petition that the alleged bankrupt "transferred and pledged" the 55 shares of corporate stock referred to imported that the pledgee acquired such exclusive possession of the subject of the pledge as it was susceptible of. It appeared from the evidence that the transfer was made in a not unusual way more than four months before the date of the filing of the petition, and that the making of it was in pursuance of a resolution entered in the minutes of the corporation's proceedings. No evidence indicated any attempt to conceal it. A transfer made at the time and under the circumstances shown by the evidence as to the one now in question was not such a one as would support an adjudication of bankruptcy under the petition filed. Jones v. Coates (C. C. A.) 196 F. 860; In re Bogen (D. C.) 134 F. 1019. In material respects the petition's allegations of acts of bankruptcy were not supported by evidence; no alleged act of bankruptcy being proved.

It follows that the dismissal of the petition was not erroneous. The order appealed from is affirmed.