### ROBERTSON v. BERGER.

Circuit Court of Appeals, Second Circuit.
March 13, 1939.

David Haar, of New York City, for the motion.

Benjamin Siegel, of New York City, opposed.

Before L. HAND and CHASE, Circuit Judges, and PATTERSON, District Judge.

PER CURIAM.

The respondent, Berger, moves for leave to appeal from an order in bankruptcy, holding him in contempt for failing to turn over a number of books of account relating to the business of the bankrupt, a corporation of which he had been the president. The question is whether leave is necessary under § 24a of the Chandler Act, 11 U.S.C.A. § 47(a). That section gives us a broader jurisdiction than we had under §§ 24a and 24b, as they stood before 1938, 44 Stat. 664, for it authorizes appeals on the law and the facts, not only in "controversies", but in "proceedings in bankruptcy". Two provisos are annexed to it, the first need not concern us, but on the second this motion turns. It reads that "when any order * * * involves less than $500", the appeal requires our "allowance", so preserving a vestige of the discretionary jurisdiction conferred by the amendment of 1926. We think that it means, not that our jurisdiction is discretionary whenever the order "involves" anything except money of more than $500 in amount, but only when it "involves" money alone, and less than $500. Our reasons are drawn both from the letter and the apparent purpose. Literally, an order like that at bar does not "involve less than $500": since it involves no money at all, it cannot involve less than any sum, for the comparative necessarily implies the characteristic. So much for the words. As to the purpose, the exception, which seems to have been drawn from § 25(a)(3), 11 U.S.C.A. § 48, was apparently designed to exclude trifling disputes. Unless it be limited to money, this purpose will be defeated, for there are many orders which "involve" other things, but are of much greater importance than claims for $500. Such, for instance, are orders, punishing a witness for contempt, appointing or removing a trustee or a receiver, forbidding the bankrupt to leave the district, allowing examinations under § 21a, 11 U.S.C.A. § 44(a), closing first meetings of creditors. Even stays of suits cannot be said to "involve" the amount claimed against the bankrupt except by a strain, for they merely hold up their prosecution. Cases, where the sum in question is less than $500, but the sanction is imprisonment, or where the sanction is a fine of less than $500, we do not decide; for here, although the value of the books as paper is indeed less than $500, the trustee does not want the papers, but the records upon them, and those have no money value. Hence neither the stake nor the sanction can be appraised in money.

The motion is denied because leave is not necessary.

Leave denied.