## COHEN et al. v. ELEVEN WEST 42ND STREET, Inc.

### No. 123.

Circuit Court of Appeals, Second Circuit.

Nov. 25, 1940.

Arthur M. Loeb, of New York City (George Z. Medalie and Mitchell Jelline, both of New York City, of counsel), for debtor-appellant.

Scribner & Miller, of New York City (Samuel Miller, Louis G. Bernstein, and Julius J. Rosenberg, all of New York City, of counsel), for petitioners-appellees.

Chester T. Lane, Gen. Counsel, of Washington, D. C., and Jacob F. Raskin, of New York City, amicus curiæ for Securities and Exchange Commission.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM.

This is an appeal from an order in bankruptcy, denying a motion, made under Rule 56, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, for summary judgment to dismiss an involuntary petition for reorganization under Chapter X, 11 U.S.C.A. § 501 et seq.. The judge based his ruling solely upon the ground that Rule 56 is not applicable to the situation; and that is therefore the only question before us. The appellees filed their petition on August 26, 1940, to force the debtor into reorganization because of certain preferential payments, alleged as an act of bankruptcy under § 131(5). On October 7th the debtor moved on affidavits for summary judgment dismissing the petition under Rule 56, upon the ground that the putative preferences were demonstrably not such, the money not having come from the debtor.

The argument is that § 143 of the Bankruptcy Act conflicts with Rule 56, because it itself provides for a summary disposition of involuntary petitions; and that General Order XXXVII, 11 U.S.C.A. following section 53, extended the Rules to bankruptcy only "so far as they are not inconsistent with the Act." Section 143 provides for a trial like any other trial to a court: "the judge shall, as soon as may be, determine * * * the issues presented by the pleadings and enter an order approving the petition, if satisfied * * * that the material allegations are sustained by the proofs." The fact that he is to do this without a jury does not mean that he is not to try the issues in ordinary form; and his order is not a summary judgment, though it should be an expeditious judgment. A motion for summary judgment is not a trial; on the contrary it assumes that scrutiny of the facts will disclose that the "issues presented by the pleadings" need not be tried because they are so patently insubstantial as not to be genuine issues at all. Consequently, as soon as it appears upon such a motion that there is really something to "try," the judge must at once deny it and let the cause take its course in the usual way. We do not therefore see any greater inconsistency between a trial and a motion for summary judgment in bankruptcy than in an ordinary action. No doubt, a judge must often come near to trying the issues before he can decide whether there are any issus to try, but that is inherent in the whole practice. Moreover, if the argument is good at all, it must also forbid motions to dismiss a petition for insufficiency in law upon its face, Rule 12(b) (6). That would certainly be an unwarranted interpretation. Harris v. Mills Novelty Co., 10 Cir., 106 F.2d 976.

Nor is there anything peculiar to reorganizations under Chapter X. True, it may be desirable to examine the debtor's affairs, and that will be impossible if the proceeding is suffocated at the outset. Furthermore, we recognize that involuntary reorganization is not a proceeding inter partes, once it is under way. Nevertheless, when the statute, § 131, prescribed what facts a petition must allege, it did not mean that the petitioners should be entitled to interlocutory remedies under color of a sham petition. It is as unwarranted an invasion of the debtor's rights to subject it to inquisition upon such a petition, as it is so to subject a defendant in an action. Rule 56 was intended to give an immediate relief for such wrongs, wherever practiced.

The appellees suggest that the order, being interlocutory, is not appealable. In an action that would of course be true, for it merely refuses to dispose of the case without a trial. In re Finkelstein, 2 Cir., 102 F.2d 688; Jones v. St. Paul F. & M. Ins. Co., 5 Cir., 108 F.2d 123, 125. But in bankruptcy interlocutory orders are in general appealable. Robertson v. Berger, 2 Cir., 102 F.2d 530; In re Winton Shirt Corp., 3 Cir., 104 F.2d 777. And this was not an example of that class of orders which are merely incidents in an inquiry pending in the District Court. In re Hotel Governor Clinton, 2 Cir., 107 F.2d 398, 399.

It must be understood that we do not suggest that the motion should have been granted. As we said at the outset, the appeal raises only a question of the power of the District Court. All we decide is that the power exists; whether it should have been exercised in this case we leave entirely open.

Order reversed.