INTERNATIONAL STANDARD ELECTRIC
CORPORATION v. KINGSLAND,
Commissioner of Patents.

Nos. 9630–9632.

United States Court of Appeals
District of Columbia.

Argued May 13, 1948.

Decided July 30, 1948.

Mr. Paul Kolisch, of New York City, with whom Mr. Ralph B. Stewart, of Washington, D. C., was on the brief, for appellant.

Mr. E. L. Reynolds, United States Patent Office, of Washington, D. C., with whom Mr. W. Cochran, Solicitor, United States Patent Office, of Washington, D. C., was on the brief, for appellee.

Before CLARK and WILBUR K. MILLER, Associate Justices, and McGUIRE, District Judge, sitting by designation.

PER CURIAM.

This is the second time these cases have been before this court. The first appeals were from judgments of the District Court dismissing complaints under R.S.4915, 35 U. S.C.A. § 63, to obtain patents.

The claimed inventions are for combinations of electrical circuits and alleged conventional electromechanical elements to perform calculating operations and consist primarily, appellant contended, in the devising of circuits which make possible the use of relays, switches and other elements "of types used widely in telephone exchange systems."

The applications involved were rejected by the Patent Office, for the reason that they did not contain disclosures which would enable persons skilled in the art to which they related or with which they were

most nearly connected, to construct operative machines.

The original ground of rejection was that the Examiner could not understand and did not approve of the description and drawings and that as a consequence they did not satisfy the requisites of R.S.4888 [1]—and the Board of Appeals of the Patent Office affirmed. The examiner in question was an expert in the calculating machine art (Division 23) but not in that of automatic telephony (Division 16),—and so the basic question as to whether or not the descriptions would enable an expert in the latter art to construct and use the device was left unanswered.

Upon suit in the District Court under R.S.4915, the Commissioner of Patents rested his case on the Patent Office record and contended that R.S.4888 could be satisfied only by addressing the disclosure to one skilled in the calculating art, and while the appellant offered testimony of an expert that the claimed inventions were most closely related to automatic telephony as contrasted with mechanisms appertaining to the field of calculators, the learned trial justice concluded that "the applications were insufficient to comply with the statutory requirements as to the disclosure of the invention." The first appeals followed. In disposing of them we held: [2]

"The present question of law comes to this. When a technique previously used for one purpose (the construction of automatic-telephone equipment) is applied to a second purpose (the construction of calculating equipment), must the innovator describe the technique so that it can be used by men who know nothing about it but are skilled in applying different techniques to the second purpose? Such a description may not be possible and, we think, is not required." and we remanded the cases to the District

Court with instructions to hold them pending a decision from the Patent Office in accordance with the mandate of this court.

Upon the remand the Commissioner of Patents referred the applications to the telephone division (16) and the Examiner held that the disclosure was not sufficient for one skilled in that art to construct or operate a machine. The appellant was given no opportunity to be heard and the Examiner specified no defect in the descriptions or drawings and did not specifically find any facts. On appeal to the Board of Appeals this action was approved. Request for reconsideration was denied.

The Commissioner of Patents then moved the District Court to dismiss the complaint, stating:

"It is the position of the defendant that proceedings herein are now closed and that all that now remains to be done is to issue a formal order to that effect. The Court of Appeals did not indicate that the cases should be reopened for further prosecution in this Court. It remanded them for one purpose only namely to be held until the Patent Office decided them. This has now been done and there seems to be no reason for holding them any longer."

The appellant moved the court to reopen the cases to consider the decisions of the Examiner of Division 16 and of the Board of Appeals, as well as to hear the evidence of an independent expert so as to "place the District Court in a position to find the facts which the Court of Appeals was seeking * * *."

The appellant's motion was denied, that of the Commissioner of Patents granted, and the complaints dismissed.

The appellant relies on three allegations of error. First, that the Patent Office tribunals, after the remand of the cases, failed to comply both with the statute [3] and

---

[1] R.S. 4888, 35 U.S.C.A. § 33.

[2] 81 U.S.App.D.C. 215, 217, 157 F.2d 73, 75.

[3] R.S. 4903, 35 U.S.C.A. § 51.
"Whenever, on examination, any claim for a patent is rejected, the commissioner shall notify the applicant thereof, giving him briefly *the reasons** for such rejection, together with such information

and references as may be useful in judging of the propriety of renewing his application or of altering his specification; and if after receiving such notice, the applicant persists in his claim for a patent, with or without altering his specifications, the commissioner shall order a reexamination of the case. * * *"

---

* Emphasis added throughout.

892

the rules of the Office[4] by failing to state sufficient reasons for the conclusions reached. Secondly, that the District Court should have accepted appellant's evidence as established that a skilled worker in the automatic telephone art could build an operative machine on the basis of the disclosures of the applications involved; and, thirdly, the lower court made no additional findings of fact as it was required to do under amended Rule 52(a), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

 First, it is not the responsibility of the applicant to request either the Primary Examiner or the Board of Appeals to state reasons for their opinions. Both the law and the rules of the Patent Office require specifically that that be done. With reference to the appellant's second alleged error, as we said in the first appeals, the District Court was not obliged to accept the testimony of the proffered witness and we so held and we hold here that the court was not compelled under Rule 52(a) to make any findings of fact for that rule specifically provides, in part, that:

"* * * Findings of fact and conclusions of law are unnecessary on decisions of motions under Rules 12 or 56 or any other motion except as provided in Rule 41(b)," which latter rule is not here applicable.

 Since, however, it appears it would be merely a matter of repetitive futility to again remand the cases to the Patent Office for compliance both with the law and its rules, since apparently it is unable to advance any reasons upon which its rejection was predicated, and since in any event we think the District Court was in error in refusing to hear applicant's proffered testimony of an *independent* expert in the field, and in denying its motion, made for that purpose, and for the further reason that proceedings under R.S.4915 are *de novo,* the judgments are reversed and the cases remanded for further action in accordance with this opinion.

Reversed.

---

[4] Rules 65, 66, of the Rules of Practice in the United States Patent Office.

"65. Whenever, on examination, any claim of an application is rejected *for any reason whatever,* the applicant will be notified thereof. *The reasons for the rejection will be fully and precisely stated,* and such information and references will be given as may be useful in aiding the applicant to judge of the propriety of prosecuting his application, or of altering his specification, and if, after receiving this notice, he shall persist in his claim, with or without altering his specification, the application will be reexamined. If upon reexamination the claim shall be again rejected, the reasons therefor will be fully and precisely stated.

"66. Upon taking up an application for action on the merits the examiner shall make a thorough investigation of the prior art with respect to the invention sought to be protected in the application. Upon the rejection of an application for want of novelty, the examiner must cite the best references at his command. When the reference shows or describes inventions other than that claimed by the applicant, *the particular part relied on must be designated as nearly as practicable.* The pertinence of the reference, if not obvious, must be *clearly explained* and the anticipated claim specified * * *."