Application of KIRWAN.
Patent Appeal No. 5507.

United States Court of Customs
and Patent Appeals.
Dec. 7, 1948.

Mason, Fenwick & Lawrence, of Washington, D. C. (Henry S. Morton, of Washington, D. C., of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (H. S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Chief Judge, and HATFIELD, JACKSON, O'CONNELL, and JOHNSON, Judges.

O'CONNELL, Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the action of the Primary Examiner in rejecting claims 9, 10, 11, 12, 13, and 14 in appellant's application for a patent for "certain new and useful improvements in Braising Of Fish Meat In The Process Of Canning Or Dehydrating." No claims were allowed.

Claims 9, 11, and 12 are drawn to the process of braising the fish, and claim 14 to the product resulting from the process.

Claims 9 and 14 are sufficiently illustrative. They read:

"9. Process for preparing a braised fish meat product for canning or dehydrating, comprising agitating a mass of comminuted raw fish meat in an open vessel without addition of moisture, in the presence of heat until a portion of the native liquid is removed through evaporation, then agitating the liquid reduced mass to bring the surfaces of the morsels produced by comminution repeatedly into contact with the walls of the vessel heated to braising temperature until substantially all the surfaces of substantially all of said morsels are braised."

"14. Braised fish meat product for canning or dehydrating, comprising a mass of small fish meat morsels, each containing less than the native amount of oil and water, substantially all of the surfaces of substantially all of said morsels being seared, the seared surfaces being firm, substantially dry and nonabsorptive, the surface of each morsel forming a seal about the inner substance of said morsel."

Claim 10 contains the additional limitation of canning the product and claim 13 of dehydrating it. However, claim 13 was rejected as drawn to nonelected species, namely, dehydrating the product, and, therefore, need not be here considered on its merits. Claim 12 contains a limitation of heating the comminuted fresh fish in an open kettle to a temperature within a range of from 320° to 338°F. It is stated in the specification, however, that such temperature is not sharply critical. No claim is made to the apparatus, which may be conventional.

The subject matter of the claims was briefly described in the examiner's statement as follows:

"This application relates to the method of braising in the process of canning or dehydrating fish.

"The general object of the process is to remove part of the water and oil content of the fish and sear the fish before canning or dehydration in order to improve the flavor and texture of the product.

"The process involves heating the comminuted fresh fish in an open kettle preferably at a temperature between 320° and

338°F with stirring. The fish does not immediately attain this temperature due to the cooling effect of the evaporation of the liquids. When the liquid content of the fish has been sufficiently reduced, the actual temperature of the fish rises to the braising temperature and braising begins. The braised fish may be canned or dehydrated."

The cited references are:

Alden, 235,116, Dec. 7, 1880.

Davidson, 1,047,760, Dec. 17, 1912.

Complete Course in Canning, published by "The Canning Trade," p. 302, May, 1924.

Hiller, 1,501,775, July 15, 1924.

Beard, 1,553,296, Sept. 8, 1925.

Devers, 2,026,022, Dec. 31, 1935.

Webster et al., Practical Fish Cookery, U. S. Dept. of Commerce Circular No. 19, p. 7.

Allen's Modern Cook Book, Garden City Pub. Co., New York, pp. 824, 825, 1935.

The patent to Alden relates to processes for putting up and preserving fresh fish as an article of food whereby the fish is cut into pieces of suitable size and thereafter placed in an evaporating pan placed upon and surrounded by a heating coil or steam jacket. The temperature of the pan must be kept below the cooking point and kept in a constantly revolving motion, so as to admit free access of the drying atmosphere and cause the fish to lose all its free moisture and become dry.

Davidson relates to a method of preparing fish in the form of dry flakes. The fish is passed through a mincing machine and thereafter passed through heated rolls so that the fish is cooked and partially dried by contact therewith. The rate of evaporation of the moisture from the mixture is accelerated by a current of heated air.

The patent to Hiller relates to processes for the manufacture of high grade flour or meal from fish. The fish is fed into a cutter for reducing it into relatively small parts. It is also passed to a press where the greater portion of oil and water is extracted by pressure. From the press the material passes to a drier and is therein thoroughly dried in a manner to prevent burning or otherwise tainting the taste of the meal.

The patent to Beard relates to a method of preparing fish for canning which consists in subjecting the fish to a current of heated air to dry and cook the same. The temperature employed in the cooking and drying step is in the range from 300° to 325°F.

The invention described in the patent to Devers has particular reference to a process and apparatus for treating fish preparatory to canning them for the market. It discloses that in canning the fish they are subjected to temperatures ranging from 285° to 400°F. whereby the fish is seared before canning.

The publication by Webster et al. discloses that fish may be placed in a deep kettle provided with a frying basket in which one layer of fish in the basket is cooked to an even golden brown.

Allen's "Modern Cook Book" discloses canning cooked meats or fish. The material, it is stated, should be packed in hot sterilized jars.

Claims 9 to 12 were rejected as unpatentable over Alden, Davidson, Hiller, or Beard in view of Webster et al., Allen, or Devers.

Claim 14 was rejected as unpatentable over the fish products of the references. The examiner in rejecting the claim stated that if there is any difference in the product claimed over that of the references, for example, Alden, Webster et al., or Devers, it is a difference in degree and not one in kind.

It was the position of the examiner that no invention is involved in canning braised morsels of fish in view of the cited art of record. The Board of Appeals affirmed the decision of the examiner stating that the art shows, and it is well known, that any proper food can be braised and that it is only a matter of choice to can braised food either in large pieces or "morsels."

Appellant takes exception to a statement made by the examiner that claim 14 provides nothing more than a cooked mass

of fish and that it differs only in degree and not in kind from the products of the three cited references.

It is true, as appellant contends, that in no example of the prior art is there any teaching of a canned fish product consisting of an aggregate mass of fish meat morsels as defined in claim 14. However, the art of record clearly shows that it is old to braise meat before canning and Allen teaches specifically that cooked fish may be canned. Alden, Davidson, and Hiller disclose that there is no invention by appellant in braising morsels of fish and we are not convinced that an assemblage of a number of such pieces into a mass amounts to invention.

The limitation in claim 12 as to the specific temperature relied upon cannot impart patentability to that claim in view of the disclosures of Beard and Devers. Moreover, as stated in appellant's specification such temperature is not "sharply critical."

Appellant further contends that the prior art discloses a process of two stages in the first of which a portion of the moisture is removed, and in the second fish morsels are heated to a braising temperature. However, the patent to Alden as pointed out by the examiner is particularly pertinent to the procedural details of the process here concerned. The first step thereof is clearly disclosed and there can be little doubt that if Alden's temperature be high enough braising will result. Furthermore, a teaching of braising fish is disclosed in the cited references.

In view of our conclusion it is deemed unnecessary to discuss and pass upon other points raised by the argument of appellant, and the decision of the Board of Appeals is accordingly affirmed.

Affirmed.