38 C.C.P.A. (Patents)

## Application of CRAIGE.
### Patent Appeal No. 5789.

### United States Court of Customs and Patent Appeals.
### May 8, 1951.

Jackson, J., dissented.

I. Organic Chemistry, 1947, by Paul Karrer, page 40.

John W. Lee, Jacksonville, Fla., for appellant.

E. L. Reynolds, Washington, D. C. (J. Schimmel, Washington, D. C., of counsel), for the Commissioner of Patents.

O'CONNELL, Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the action of the examiner rejecting all of the claims, 2, 8, 9, 10, and 11, in appellant's application for a patent on a class of alleged new compositions for the elimination of tapeworms from the alimentary tract of animals and poultry. Claims 9 and 11 were rejected as not readable on the elected species and are not before the court on their merits.[1]

Following the hearing on a petition for reconsideration, the board adhered to its original decision. The claims were originally rejected on various references, all but one of which were admitted by the Patent Office to be inapplicable.

The final rejection was made solely on a patent to Weiler et al., No. 1,707,181, issued March 26, 1929, hereinafter referred to as Weiler. A similar patent to the same applicants was granted in Germany on March 25, 1927.

Claims 8 and 10 are illustrative. Each is directed to a veterinary anthelmintic composition and reads:

"8. A veterinary anthelmintic composition containing as an essential active ingredient the substance represented by the following formula:

and a carrier therefor.

"10. A veterinary anthelmintic composition containing as an essential active ingredient methyl-2, 2' -dihydroxy-5, 5' -dichloro-diphenylmethane and a solid carrier therefor and in the form of a compressed tablet."

The compositions comprise a carrier and the essential active ingredient, and may be varied somewhat in form, depending upon the warm-blooded animals to which the composition is administered.

There appears to be no contention here by appellant, and there was none before the tribunals of the Patent Office, that any one claim contains a limitation which differentiates it from any of the other claims.

The subject matter of the appealed claims were succinctly described as follows in the brief by the Solicitor of the Patent Office, numerical references to the pages of appellant's specification being here omitted: "The active ingredient of the composition is broadly classified as an alkyl-diphenyl methane wherein each of the phenyl groups contains at least one halogen substituent and one hydroxy substituent, and a formula representation of the compounds is given. These compositions are said to possess a high therapeutic index, i.e., a relatively low toxicity at the effective dosage, and are utilizable in the form of pills, tablets, capsules, powders, aqueous or oil suspensions, or mixed with food or salt."

The problem in the art, and appellant's solution thereof, by the application of the proper dosage units of the composition, is thus described in his brief: "The invention represents a real contribution to the art because in the past the compositions most frequently used for the removal of tapeworms from domestic animals have been either highly toxic substances or have had a drastic cathartic action. Among the highly toxic substances that have been employed are lead arsenate and nicotine sulfate. Arecoline is an example of the drastic cathartic type. These prior art remedies have many disadvantages associated with their use, among which are their contra-indications for use in sick or debilitated animals and in pregnant animals."

---

1. In re Kirwan, 171 F.2d 326, 36 C.C.P.A., Patents, 772; In re Hock, 168 F.2d 540, 35 C.C. P.A., Patents, 1235.

The Weiler reference relates to a process for the manufacture of condensation products from halogenated phenolic compounds and aldehydes and to the new products obtained thereby, which are efficacious in protecting cloths against moths and insect pests. General formula for the products are depicted. The structural or graphic formula, considered together with the language of the specification, wherein the patentees state that parachlorophenol can be condensed with formaldehyde, disclose, the examiner held, the resultant product was the compound 2, 2' -dihydroxy -5, 5' -dichlorodiphenylmethane. As further pointed out by the examiner, the patentees also stated that instead of the formaldehyde, other aliphatic aldehydes, for example, acetaldehyde may be used with the phenolic compounds mentioned, and thereby the active ingredient of appellant's claimed product obviously "would be formed."

On that theory, the tribunals of the Patent Office, relying on the doctrine enunciated in the cases of In re Thuau[2] and Ex parte Billman,[3] rejected the appealed claims. More particularly, claims 2 and 8 were rejected as met by Weiler, and claim 10 as unpatentable over Weiler. The basis of the rejection is found in the following conclusion expressed in the decision of the examiner: "The showing of the process by Weiler is considered as a showing of the resulting compound. In fact, it has been the experience in the past that a showing of a compound has been challenged as a reference on the ground that its method of making was not shown. Here the method of preparation is clearly shown. Weiler's compounds are added to water, which is a carrier, and also to alkalies and ligroin, which also would be carriers. Hence. Weiler shows applicant's compositions under the In re Thuau, [135 F.2d 344] 30 C.C.P.A. [Patents] 979, 554 O.G. 14, 1934 C.D. 390 decision."

The valuable contribution made by appellant to the art has not been challenged. Nor is there any question here that Weiler did not name or claim any composition included within the scope of the appealed claims. The theoretical teachings of Weiler are nowise supported by actual authority or explained as required by the patent laws and the rules of practice.[4]

Weiler discloses a process that was not actually carried out and hence never produced a composition which was old in the art prior to appellant's construction. In re Thuau, supra, which involved the issue whether a new and unobvious use for an old composition was patentable, has no application here. In the case of Ex parte Billman, supra, it was conceded that the involved chemical compound was known prior to the applicant's filing date. That case likewise is not applicable to the facts in the instant case.

The decision of the Board of Appeals, for the reasons stated, is reversed.

Reversed.

JACKSON, Judge, dissents.

2. In re Thuau, 135 F.2d 344, 30 C.C.P.A., Patents, 979.
3. Ex parte Billman, 71 U.S.P.Q. 253.

4. In re Vickers et al., 141 F.2d 522, 31 C.C.P.A., Patents, 985; International Standard Electric Corp. v. Kingsland, 83 U.S.App.D.C. 355, 169 F.2d 890; Ex parte Johnson, 40 U.S.P.Q. 576.