### THEARD v. FIDELITY & DEPOSIT CO. OF MARYLAND et al.

#### No. 14326.

United States Court of Appeals, Fifth Circuit.

April 2, 1953.

Rehearing Denied May 6, 1953.

E. A. Parsons, New Orleans, La., for appellant.

Blake West, New Orleans, La., Phelps, Dunbar, Marks & Claverie, New Orleans, La., for appellees.

Before HUTCHESON, Chief Judge, and STRUM and RIVES, Circuit Judges.

RIVES, Circuit Judge.

This appeal is from an order denying the appellant's motion to dismiss a petition in involuntary bankruptcy. The appellee in turn moves to dismiss the appeal insisting that the order is not appealable because it is interlocutory and discretionary in nature; and appellees' motion is the first question for consideration.

The order appealed from is one issued in "proceedings in bankruptcy" and is not an order issued "in controversies arising in proceedings in bankruptcy" as in Universal Oil Products Co., v. Cosden Petroleum Corporation, 5 Cir., 178 F.2d 495, 496, and City of Fort Lauderdale v. Freeman, 5 Cir., 197 F.2d 122. In proceedings in bankruptcy, with two provisos not here

pertinent, this court is vested with appellate jurisdiction of any order, decree or judgment, *"either interlocutory or final, * * * to review, affirm, revise, or reverse, both in matters of law and in matters of fact"*. (Emphasis supplied.) 11 U.S.C.A. § 47(a); Robertson v. Berger, 2 Cir., 102 F.2d 530. It may be that such appellate jurisdiction does not extend to interlocutory orders which are mere incidents in the inquiry and determine nothing. See. In Re Hotel Governor Clinton, Inc., 2 Cir., 107 F.2d 398. This, however, is not such an order but is similar to an order denying a motion for summary judgment under Rule 56, Federal Rules of Civil Procedure, 28 U.S.C.A., and presents for consideration the question of whether the appellant is entitled to dismissal of the petition as a matter of law, there being no genuine issue as to any material fact. Cohen v. Eleven West 42nd Street, 2 Cir., 115 F.2d 531. By way of precaution, we comment that this practice should not lend itself to multiple appeals, for the Bankruptcy Act directs that "the court shall determine, *as soon as may be,* the issues presented by the pleadings * * * and make the adjudication or dismiss the petition" (emphasis supplied), 11 •U.S.C.A. § 41(d), and hence ordinarily the court could not be. required to rule upon a motion to dismiss in advance of the hearing on the petition.

■ The first ground of the motion to dismiss the petition in involuntary bankruptcy is for failure of petitioners to prosecute the same. The record does disclose an unprecedented period of delay, the petition having been filed November 29, 1938, and answered January 13, 1939. The petition discloses "that Delvaille H. Theard has never been civilly interdicted and no curator has been appointed to him, although he is presently, as petitioners are informed and believe, confined in the de-Paul Sanitarium in the City of New Orleans, in this District". We are informed that in August of 1936, a petition had been filed in the Civil District Court for the Parish of Orleans, Louisiana, seeking to have respondent interdicted, that he was adjudged an interdict in June of 1941, and

that judgment recalling and setting aside the decree of interdiction was rendered in May of 1948. A few weeks thereafter, on June 5, 1948, respondent filed the motion to dismiss the denial of which is the subject of this appeal, and respondent then became the moving party. The record discloses no effort of the respondent to bring his motion to a hearing for more than four years. At long last, on June 24, 1952, the *petitioners* gave notice that they would call the motion to dismiss on for hearing, and the motion was denied by the district court on September 15, 1952.

Assuming that dismissal for lack of prosecution is proper without notice to all of the creditors, see 11 U.S.C.A. § 95(g); 3 Collier on Bankruptcy, 14th ed., Sec. 59.34, we do not think that the district court abused its discretion as to this ground of the motion. In view of the already long delay, however, prompt and urgent attention should now be given to the statutory mandate to determine the issues *"as soon as may be"*, 11 U.S.C.A. § 41(d).

■ The appellant next insists that, since there are only two petitioners now.in this action for involuntary bankruptcy, the proceedings cannot be maintained and must be dismissed. Julia Griffin, one of the three original petitioners, died November 15, 1940, and there has been no substitution of parties in respect of said petitioner. Rule 25(a), Federal Rules of Civil Procedure, 28 U.S.C.A., provides that if such substitution is not made within two years after death, "the action shall be dismissed as to the deceased party". Rule 25(a) does not require dismissal of the entire action, but its dismissal only as to the deceased party. The court accordingly properly ordered the name of Julia Griffin stricken from the petition. That left only two petitioning creditors.

■ While 11 U.S.C.A. § 95(b) requires three or more qualified creditors in a case such as this to "file a petition to have him adjudged a bankrupt", sub-division (d) of the same section provides that if prior to or during the hearing on the petition "a sufficient number of qualified creditors shall join therein, the case may be proceeded with; but otherwise it shall be dis-

missed". When the petition for involuntary bankruptcy was filed by three petitioners alleged to be qualified, it was sufficient on its face and vested jurisdiction in the court, and the case may be proceeded with if a sufficient number of qualified creditors join prior to or during the hearing upon the petition. Canute Steamship Co., Ltd., v. Pittsburgh & West Virginia Coal Co., 263 U.S. 244, 44 S.Ct. 67, 68 L. Ed. 287; In Re Bolognesi, 2 Cir., 223 F. 771, 773.

Two years having elapsed since the death of Miss Griffin, appellant insists that, according to Anderson, Receiver v. Yungkau, Executor, 329 U.S. 482, 485, 67 S.Ct. 428, 91 L.Ed. 436, it is now impossible under Rule 25, supra, for her place to be filled by anyone. The answer, we think, is that under sub-division (d), 11 U.S.C. A. § 95, supra, other qualified creditors are permitted to join without regard to the death of one of the original petitioners, and it is immaterial at the time of the hearing whether the three qualified creditors joined in the petition originally or by intervention. Canute Steamship Co., Ltd., v. Pittsburgh & West Virginia Coal Co., supra, 263 U.S. at page 249, 44 S.Ct. 67.

■ The third ground of the motion to dismiss the petition in involuntary bankruptcy is that it fails to state a claim upon which relief can be granted. The petition filed November 29, 1938, alleged as the act of bankruptcy that respondent, while insolvent, transferred a part of his property in the form of certificates for shares of capital stock and permitted said property to be removed out of the State with intent to hinder, delay or defraud his creditors. It was averred that said stock was levied upon on August 16, 1938, in Mobile County, Alabama, and sold, and that the purchaser was at the time of the filing of the petition attempting to have said certificates transferred to him on the books of the company. The petition further averred:

"Petitioners show that while the act of conveyance and concealment by Delvaille H. Theard was October 12, 1935, under Sec. 21, Chapter 3, Bankruptcy—U. S. Code Annotated—the time for filing this petition does not expire until four months after the date of recording or registering the said transfer, which has never been done."

The Chandler Act of June 22, 1938, became effective September 22, 1938, a little more than two months before this petition was filed. Clearly, we think, if petitioners had the right to file a petition in bankruptcy based upon the provisions of the pre-1938 statute, that right subsisted for four months after the effective date of the Chandler Act. On the other hand, we do not think that the Chandler Act should be construed to convert into an act of bankruptcy conduct which took place several years prior to its enactment. See section 6 of the Chandler Act copied in the note to 11 U.S.C.A. § 1.

We turn, therefore, to 11 U.S.C.A. § 21, as it read prior to the passage of the Chandler Act, when it provided in pertinent part:

"*Section* 21. *Acts of Bankruptcy.* (a) Acts of bankruptcy by a person shall consist of his having (1) conveyed, transferred, concealed, or removed, or permitted to be concealed or removed, any part of his property with intent to hinder, delay, or defraud his creditors, or any of them * * *.

"(b) A petition may be filed against a person who is insolvent and who has committed an act of bankruptcy within four months after the commission of such act. Such time shall not expire until four months after (1) the date of the recording or registering of the transfer or assignment when the act consists in having made a transfer of any of his property with intent to hinder, delay, or defraud his creditors * * *, if by law such recording or registering is required or permitted, or, if it is not, from the date when the beneficiary takes notorious, exclusive, or continuous possession of the property unless the petitioning creditors have received actual notice of such transfer or assignment."

884

This Court held in 1932 in a case arising in Texas that, since Texas law made no provision for registration of the transfer of corporate stock, the four months within which to file an involuntary bankruptcy petition commenced from the delivery of the stock certificate endorsed in blank as security for debt. Congleton v. Roberts, 5 Cir., 61 F.2d 902, 904. It seems to us that the law in Louisiana, on October 12, 1935, was, in pertinent respect, the same as the Texas law considered in Congleton v. Roberts, supra, and that recording or registering of the transfer of shares of stock was not then required or permitted by law. Louisiana Act No. 180 of 1910, Section 1, now L.S.A.Rev.Stats. art. 12:524.

Congleton v. Roberts, supra, is, however, distinguishable from the present case on another ground. In that case the court stated, "No evidence indicated any attempt to conceal it (the transfer)". We think that statement was a recognition of the alternative provision in the statute to the effect that when the law of the state does not require or permit recording or registration, the four months period does not expire until four months "from the date when the beneficiary takes notorious, exclusive, or continuous possession of the property unless the petitioning creditors have received actual notice of such transfer or assignment". 11 U.S.C.A. § 21(b) as it read prior to the Chandler Act. The petition in this case alleged that on the date of the transfer, October 12, 1935, the respondent was in control of and president of the transferee, Harding Realty Company, Inc., and, further, that said transfer was concealed. It may have become "notorious" when the stock was levied upon on August 16, 1938, in Mobile County, Alabama. The petition was filed within four months thereafter. We think that, reasonably construed, the petition averred that the transferee did not take "notorious, exclusive or continuous possession" of the certificates until a date within four months of the filing of the petition. We hold that the petition stated a claim upon which relief can be granted, and the judgment is therefore

Affirmed.