See also 105 F.Supp. 3.

**LAMPERT**

v.

**HOLLIS MUSIC, Inc., et al.**
**LAMPERT v. LOEW'S Inc.**
**Civ. A. No. 12384.**

United States District Court
E. D. New York.

June 3, 1954.

Henry Hofheimer, New York City, for defendants Hollis Music, Inc., and others, by Bernard Gartlir, New York City, for the motion.

J. Robert Rubin, New York City, for defendant Loew's Inc., by Samuel D. Cohen, New York City, for the motion.

Otto Friedman, Jamaica, N. Y., for plaintiff, in opposition.

RAYFIEL, District Judge.

The defendant Loew's Incorporated, sued herein as MGM Records, Division of Loew's Incorporated, moves, pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A., for summary judgment dismissing the plaintiff's amended complaint against it.

The defendants Hollis Music Inc., Radio Corporation of America and Columbia Records, Inc., also move, under said Rule, for summary judgment dismissing the amended complaint against them.

The facts, briefly, are as follows: The plaintiff claims to be the composer of four musical compositions entitled "Annabella" "Still in Love", "I'll Go On Loving You" and "Something Special".

She alleges that she gave the said compositions to the defendant Straeter, an orchestra leader, sued herein as Strayter, requesting his opinion of them, and that he later told her that he had sent them to MGM, one of the defendants, for recording; that subsequently her song "Annabella" was published by the defendant Hollis and recorded by the defendants RCA and Columbia under the name " 'Cause I Love You", a composition purported to have been written by the defendants Edith Piaf and Eddie Constantine.

The defendant Straeter, in his affidavit submitted herein, admits that the plaintiff gave him the compositions in question and that he told her that he had sent them to MGM. However, he states that in truth and in fact he threw them away shortly after he received them and told her he had sent them to MGM in order not to offend her.

The defendant Loew's Inc. submitted affidavits to the effect that it made no recordings of any of the plaintiff's compositions or of the song " 'Cause I Love You" and states further that it has no connection of any kind with the other defendants. Opposed to the categorical statements and denials made by or in behalf of the defendant Loew's Inc., are the statements made by the plaintiff in her affidavit, submitted in opposition to the motions herein, and in her examination before trial. There she repeatedly said that she had no knowledge of any acts of infringement by Loew's Inc., except Straeter's statement that he had turned the compositions over to MGM for recording, which he has since denied, and that the only basis of her claim against Loew's, Inc., was the fact that some person at Loew's *might* have given her compositions to some of the other defendants.

I am mindful of the fact that it is a well-settled rule that motions for summary judgment will be granted only where it is clear that there are no triable issues of fact. It is my opinion that there are no issues of fact respecting the claim of the plaintiff against the defendant Loew's, Inc. The latter had no dealings with the plaintiff. It did not publish or record her compositions. She makes no claim that it did, nor does she assert that it was in any way connected or associated with the other defendants.

Accordingly the motion of the defendant Loew's, Inc. for summary judgment dismissing the complaint against it is granted.

As to the motion made by the defendants Hollis, RCA, and Columbia I find that there are triable issues of fact respecting the plaintiff's claims against them and accordingly the motion of said defendants for summary judgment is denied.

Settle orders on notice.