41 C.C.P.A.(Patents)

**MASTER, WARDENS, SEARCHERS, ASSISTANTS AND COMMONALTY OF THE CO. OF CUTLERS IN HALLAMSHIRE IN COUNTY OF YORK v. SHEFFIELD STEEL CORP.**

**Patent Appeal No. 6152.**

United States Court of Customs and Patent Appeals.

June 30, 1954.

Rehearing Denied Sept. 15, 1954.

O'Connell, J., dissented.

Chauncey P. Carter, Washington, D. C., for appellant.

Alfred R. Fuchs, Kansas City, Mo., for appellee.

Before O'CONNELL, JOHNSON, WORLEY, and COLE, Judges.

PER CURIAM.

This is an appeal from the decision of the Assistant Commissioner of Patents reversing and remanding the decision of the Examiner of Interferences, granting appellants' motion for summary judgment. Appellee has here moved to dismiss said appeal on the grounds that the decision appealed from is an interlocutory decision and therefore not appealable.

The decision of the Assistant Commissioner of Patents is essentially an order denying a motion for summary judgment. An order denying a motion for summary judgment is an interlocutory order, and as such is not a proper order for appeal. Marcus Breier Sons, Inc. v. Marvlo Fabrics, Inc., 2 Cir., 173 F.2d 29. Since this is not a final judgment no appeal can be taken. "A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Catlin v. United States, 324

U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911, and cases therein cited. The reason for not allowing appeals from such judgments is to prevent piecemeal litigation. Catlin v. United States, supra.

For the reasons hereinbefore stated, the motion is granted and the appeal is dismissed.

O'CONNELL, Judge (dissenting).

This is an appeal from the decision of the Assistant Commissioner of Patents, 101 U.S.P.Q. 369, where, by delegation of authority and acting for the Commissioner of Patents, she reversed the decision of the Examiner of Interferences granting appellant's motion for summary judgment and dismissing appellee's petition to cancel the registration of appellant's mark "Sheffield."

The record discloses that the examiner granted the appellant's motion on the ground that the petition for cancellation affirmatively established on its face that the petitioner's trade-mark use of "Sheffield" on its products falsely suggests an association with the steel industry of Sheffield, England, and that, therefore, the petition was barred by unclean hands.

The commissioner's decision, consisting of one sentence, has been appealed here and such action brings before the court for review upon the merits not only the facts and conclusions of law relied upon by the examiner but also the validity of the commissioner's decision:

"This case having come on for oral argument, and arguments having been presented on behalf of both parties, the decision of the Examiner of Interferences dismissing the petition for cancellation is hereby reversed, and the matter is remanded to the Examiner of Interferences for the setting of dates for taking testimony."

Appellee has moved to dismiss the appeal on the ground that the commissioner's decision is not final. However, the effective provisions of the statute which govern the situation thus presented nowise support appellee's position. Sections 20 and 21 of the Trade-Mark Act of 1946, 15 U.S.C.A. § 1051 et seq., so far as pertinent, read as follows:

20. "An appeal may be taken to the Commissioner in person from any final decision of the examiner in charge of interferences or of the registration of marks upon the payment of the prescribed fees." 15 U.S.C.A. § 1070.

21. "Any applicant for registration of a mark, party to an interference proceeding, party to an opposition proceeding, party to an application to register as a lawful concurrent user, party to a cancelation proceeding * * * who is dissatisfied with the decision of the Commissioner may appeal to the United States Court of Customs and Patent Appeals". 15 U.S.C.A. § 1071.

Section 21, it will be observed, provides that any party to a cancellation proceeding who is dissatisfied with the decision of the commissioner may appeal to the United States Court of Customs and Patent Appeals and such an appeal rests on a wholly different basis from an appeal to the commissioner from a final decision of the examiner.

Rule 23.1 of the Rules of Practice adopted and published by the Patent Office, relative to the established procedure in trade-mark cases, provides that the Federal Rules of Civil Procedure, 28 U.S.C.A., shall govern in inter partes proceedings involving a petition to cancel, such as we have here; that the final hearing held before the Examiner of Interferences in cases like this shall be treated as corresponding, in law and in equity, to the tribunal for the trial of causes in the United States District Court; and that the decision of the examiner shall have the same status for purpose of appeal as the decision of a judge of the district court.

In the district court, as illustrated, for example, by the latest official report received in the morning mail relative to the case of Lampert v. Hollis Music, Inc., D.C., 122 F.Supp. 557, the prevailing and

well-settled rule is that wherever the pleading of a plaintiff or petitioner contains unequivocal admissions which leave no remaining triable issues of fact, a motion for summary judgment in the case will be granted. In that case there were two causes of action set forth in the amended complaint. The motion for summary judgment was granted as to the first, and denied as to the second, the court having found in the latter instance "that there are triable issues of fact respecting the plaintiff's claims" relative to which the court was required to proceed, hear the evidence, and render judgment.

An order denying a motion for summary judgment in a case like this presents for the consideration of the appellate tribunal the question as to whether the moving party was entitled, as a matter of law, to dismissal of the involved petition, there being no general issue as to any material fact. Theard v. Fidelity & Deposit Co. of Maryland, 5 Cir., 202 F.2d 880; Cohen v. Eleven West 42nd Street, 2 Cir., 115 F.2d 531. Where the acts of an administrative officer of the government was concerned, the United States Court of Appeals for the District of Columbia reviewed on appeal and reversed a decision of the District Court denying a motion for summary judgment. Farley v. Abbetmeier, 72 App.D. C. 260, 114 F.2d 569.

The record discloses that appellee has filed numerous interrogatories and subsequent additional interrogatories designed to elicit answers covering long periods of time, beginning "at least as early as 1624," with respect to the alleged defects in appellant's registration and right to the use of the mark "Sheffield" at home and abroad. From the recorded answers it has been developed that no dispute between the parties exists relative to appellant's long priority in the use of "Sheffield" as a mark on identical goods sold by both parties in various foreign markets.

No point has been made by the commissioner that the taking of testimony by the filing of additional interrogatories or otherwise will add any material issue of fact or anywise alter the effect of the explicit concessions and admissions already made by appellee.

The court in the case Coca Cola Co. v. Dixi-Cola Laboratories, D.C., 30 F.Supp. 275, 276, properly held that—

"Under new federal rules of civil procedure, the number of interrogatories should be relatively few and related to important facts rather than very numerous and concerned with relatively minor evidentiary details. Rules of Civil Procedure for District Courts, rules 33, 37, 28 U.S.C.A. following section 723c."

The Hon. Arthur D. Bailey in his recent address before the American Patent Law Association of Washington, D. C., as quoted in The Trade-Mark Reporter, Vol. XLII, pages 275–281 et seq., made these important remarks:

"requests for discovery, although otherwise admissible, may be rejected to the extent that they may be cumulative, onerous, or unreasonably burdensome. And where a party seeks discovery concerning the world and all that is in it, his inquiries further may be appropriately restricted in scope under Rule 30(b), as expressly provided by Rule 33."

Appellant directed the attention of the tribunals of the Patent Office, including the commissioner, to the following undisputed facts:

"The present respondent [appellant] is being harassed by the present petitioner and put to very considerable trouble and expense in this and other proceedings. * * * it would be most unfair * * * to require it to further defend the present proceeding through what promises to be a long drawn out series of motions, interlocutory pleadings, testimony, etc. and subject to an expense that may easily run into thousands of dollars when it is abundantly clear from the present

record that the Patent Office has no alternative under the court decision and in view of the defects in the Petition for Cancellation but to deny the petition."

No reason having been given for the reversal of the examiner's decision, the commissioner's decision does not conform to the spirit or requirements of the patent laws. International Standard Electric Corp. v. Kingsland, 83 U.S.App. D.C. 355, 169 F.2d 890; In re Lee, 193 F.2d 186, 39 C.C.P.A., Patents, 752. The acts of administrative employees and officials of the Government, as well as the conduct of persons who abuse the use of a previously registered mark, at home or abroad, is amendable to remedial action by the courts. Dollar v. Land, 81 U.S. App.D.C. 28, 154 F.2d 307, affirmed 330 U.S. 731, 67 S.Ct. 1009, 91 L.Ed. 1209; Steele v. Bulova Watch Co., 344 U.S. 280, 73 S.Ct. 252, 97 L.Ed. 252; Bacardi Corp. v. Domenech, 311 U.S. 150, 61 S.Ct. 219, 85 L.Ed. 98.

Relying on the basic principle stated by Mr. Justice Holmes in Ubeda v. Zialcita, 226 U.S. 452, 454, 33 S.Ct. 165, 167, 57 L.Ed. 296, that "Imposition on the public is not a ground on which the plaintiff can come into court, but it is a very good ground for keeping him out of it", the Examiner of Trade-Mark Interferences in granting appellant's motion for summary judgment held:

"Levin, Examiner of Interferences:

"This is a motion for summary judgment brought by respondent. Both parties filed briefs and were represented at the hearing.

"The registration sought to be cancelled issued to the respondent, an association located at Sheffield, England, under the provisions of Section 1 of the Act of 1905 as amended June 10, 1938 relating to collective marks and discloses the mark 'Sheffield', for use on a long list of items pertaining to Class 23, cutlery, machinery and tools.

"Respondent's registration has been challenged upon a variety of theories which need not be further adverted to.

"The motion is primarily bottomed on the holding of the Court of Customs and Patent Appeals in the case styled The Master, Wardens, Searchers, Assistants and Commonalty of the Company of Cutlers in Hallamshire in County of York v. Cribben and Sexton Company, 202 F.2d 779, 784, 40 C.C.P.A., Patents, 872, to the effect that:

"'It is impossible to escape the conclusion that appellee should be refused registration of its mark "Sheffield" on the ground, among other things, that basically it consists of matter which falsely suggests a connection with the renowned manufacturing industry of steel located at Sheffield, England.'

"In other words, applying said quoted excerpt to the case at bar, and as aptly stated by movant on page 4 of the motion paper:

"'The present petition for cancellation has been filed by an American Company which admits that it is using "Sheffield" on sheet steel, steel bars, and other iron and steel products which under the court decision "falsely suggests a connection with * * * Sheffield, England.'

"Consequently, reasons the respondent, the case alluded to above is binding on the Examiner with the end result that petitioner is disqualified from maintaining this proceeding and the motion for summary judgment should accordingly be granted.

"Petitioner's position on this branch of the case is that, inter alia, (1) respondent's involved registration is invalid because it was obtained through fraud and misrepresentation, and (2) that said decided case, supra, is inapplicable here because 'neither the facts nor the issues are the same in this case as in the Cribben & Sexton case.'

"Obviously, if it be found that petitioner is using its mark 'Sheffield' in a manner as to 'falsely suggest a connection with the renowned manufacturing industry of steel located in Sheffield, England,' then the petitioner would be

without standing to contest this case. In that event, this would be dispositive of the case, and the other points raised by the parties need not be considered.

"Petitioner and its predecessors since 1887 have continuously maintained a factory and offices in an area within the state of Missouri known as 'Sheffield', which originally was not but now is a part of Kansas City, and its post office address since 1904 being 'Sheffield Station, Kansas City, Mo.' It is not denied that petitioner sells and manufactures a large number of steel items such as sheet steel, steel bars and steel billets to which the mark 'Sheffield' is applied; also sells low and medium carbon steel and products made therefrom, high carbon steel grinding balls, etc. The petitioner also admits in its answers to respondent's interrogatories (paper No. 22) that it is variously known in the trade as 'Sheffield Steel', 'Sheffield', 'Sheffield Steel Company', and 'Sheffield Steel Plant', as well as by its corporate name.

"Clearly, under the facts as outlined in the next preceding paragraph, there is a strong suggestion of an association with the well known steel industry of Sheffield, England. This conclusion is inescapable. In the Master, Wardens, etc., case, supra, the court found not only that the manufacturing steel industry at Sheffield, England, was renowned, but also that registration of 'Sheffield' for stoves and ranges made in this country should be refused because it 'falsely suggests a connection with the renowned manufacturing industry of steel located at Sheffield, England.' At this point it should be pointed out that the involved goods of the parties are unquestionably closely related. That decision of the court applies with equal force to the use of 'Sheffield' as a trade mark for the steel products of the petitioner in this case and in this respect is deemd to be binding on the Examiner; Coca-Cola Company v. Jacob Ries Bottling Works, Inc., 50 U.S.P.Q. 639; White Company v. Vita-Var Corporation, 182 F.2d 217, 37 C.C.P.A., Patents, 1039, 640 O.G. 6. Under this view of the case held by the Examiner it is clear to him that petitioner is disqualified from maintaining this proceeding.

"A review of some of the authorities along the lines of the issue here is believed not to be amiss. For example, in the case of Ubeda v. Zialcita, 226 U.S. 452, 33 S.Ct. 165, 167, 57 L.Ed. 296; 1913 C.D. 517, 187 O.G. 833, wherein the use of plaintiff's registered mark was found to have involved deception of the public, the court said:

" 'Imposition on the public is not a ground on which the plaintiff can come into court, but it is a very good ground for keeping him out of it.'

So, too, in the case of Medallion Wine Corporation v. Walbaum, Goulden v. Co. (Champagne Heidsieck & Co. Monopole, assignee, substituted), 53 U.S.P.Q. 526, wherein the petitioner, upon the allegations of its petition for cancellation, was guilty of the deception of which it accused the respondent, the Assistant Commissioner said:

" 'By the affirmative allegations of its own pleading petitioner thus disqualifies itself to maintain the proceeding.'

Other cases relevant to the issue under discussion are Straus v. Notaseme Hosiery Company, 240 U.S. 179, 36 S.Ct. 288, 60 L.Ed. 590; 226 O.G. 1433, 1916 C.D. 288; Levy v. Uri (N M Uri & Co. substituted), 31 App.D.C. 441, 135 O.G. 1363, 1908 C.D. 461.

"In summary, then, in view of the Master, Wardens, etc., case, supra, the Examiner must hold that petitioner's use of 'Sheffield' on certain steel products 'falsely suggests' an association or connection with the renowned steel industry of Sheffield, England. It is not the purpose of the Trade Mark Act to recognize the right of any person to defraud the public by using a deceptive mark; Section 2(a) of the Act and the decisions on this point, supra. It is the Examiner's conclusion, therefore, that

petitioner's use of 'Sheffield' incapacitates it from maintaining the instant proceeding.

"Petitioner's citations have been carefully studied but they are deemed to be inopposite to the facts at bar.

"Accordingly, respondent's motion for summary judgment is granted; and the petition for cancellation is hereby dismissed."

In the case at bar the decision of the Commissioner of Patents is susceptible to the legal conclusion that it is merely capricious and designed to harass the appellant. Accordingly, the motion to dismiss the appeal should be denied for the reasons hereinbefore stated and the proceedings in the tribunals of the Patent Office should be reviewed in this court on the merits.