25 C.C.P.A.(Patents)

## In re KOTHNY.

### Patent Appeal No. 3886.

Court of Customs and Patent Appeals.

April 25, 1938.

George A. Smith, of Philadelphia, Pa., for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting appealed claims 10 and 11 in appellant's application for a patent for an alleged invention relating to a measuring indicia or scale.

Claims defining the measuring indicia or scale in combination with "measuring structure" were allowed by the Primary Examiner.

Claim 11 is illustrative of the appealed claims. It reads: "11. A measuring device designed for use in conjunction with an inclination record which comprises a cylindrical record sheet designed to be marked by the surface of a liquid, said device comprising a transparent plane member having thereon a scale which approximates a tangent scale having as a base the diameter of said record sheet but is corrected for surface tension effects, whereby said scale, when used to measure the swing of the sinuous record formed on a developed record sheet by superposition thereon, will indicate directly the inclination to the vertical of the axis of the cylinder formed by the record sheet when the record was made."

The only difference between the appealed claims is that claim 10 calls for a device comprising a *"member* having thereon a scale"; whereas, claim 11 calls for a *"transparent plane member."* (Italics ours.)

The claims were rejected by the tribunals of the Patent Office on the ground that they do not relate to "any new and useful art, machine, manufacture, or composition of matter," or "any new and useful improvements thereof," as provided in section 4886

of the Revised Statutes, as amended, 35 U. S.C. § 31, 35 U.S.C.A. § 31.

In its decision the Board of Appeals stated that the introductory and concluding portions of the claims related to the use of the measuring device or scale, and that the measuring indicia might be used on any material adapted to receive it. The Board further said: "The record to be measured is produced by contacting a marking fluid with the inner surface of the record sheet when rolled into cylindrical form. This record sheet is suitably encased and lowered into a well, the inclination of which it is desired to measure. The marking fluid is then introduced and subsequently removed. The cylindrical record, when flattened, will bear a sinuous trace, corresponding to the upper surface of the marking fluid. The sinuosity of this trace will be dependent upon the inclination of the record sheet at the time the same is subjected to the marking liquid. The scale here claimed is intended for use in measuring the dip of the curve which corresponds to the inclination of the fluid with respect to the longitudinal axis of the record and, hence, the well which is being measured."

The Primary Examiner was of opinion that the sole novelty in appellant's scale "lies in a mere empirical arrangement of indicia on a 'member' or a 'transparent member,' irrespective of the physical characteristics of said 'member' or 'transparent member,'" and stated that: "Said indicia may be provided on any sort of flat material having an edge adjacent which said indicia may be disposed or may be provided on transparent material. It is therefore thought that the alleged invention defined by claims 10 and 11 is merely an abstract idea and not a 'new and useful art, machine, manufacture, or composition of matter', as provided in Sec. 4886, R.S."

In its decision, the Board relied upon the decision of this court in the case of In re Lockert, 65 F.2d 159, 160, 20 C.C.P.A., Patents, 1125, wherein it was held that a chart in combination with a weighing mechanism did not "constitute 'any new and useful art, machine, manufacture, or composition of matter,'" within the purview of section 4886, supra.

In our decision in that case, we said, inter alia: "We think it is obvious that there is no mechanical relation or co-operation between appellant's chart and the weighing mechanism to which it is attached. Mechanically, the weighing mechanism itself operates precisely as it did before appellant's chart was perfected. The chart performs no mechanical operation or function, either alone or in combination with the weighing mechanism," and, "Considered alone, the novel feature of appellant's chart is the mere arrangement of printed matter, and, according to the consistent holdings of this court, does not constitute" patentable subject matter, within the purview of section 4886, supra.

Counsel for appellant calls attention to the fact that this court has frequently held that the mere arrangement of printed matter on a sheet of paper does not involve patentable subject matter within the purview of the provisions of section 4886, supra, and cites the cases of In re Robert C. Russell, 48 F.2d 668, 18 C.C.P.A., Patents, 1184; In re Reeves, 62 F.2d 199, 20 C.C.P.A., Patents, 767; In re Sterling, 70 F.2d 910, 21 C.C.P.A., Patents, 1134. Counsel then states in his brief: "We fully admit that, in form, applicant's invention as defined in claim 10 is nothing more than printed matter on a sheet of paper and would, on casual consideration, appear to fall squarely within the field of unpatentable subject-matter defined in the above statements. We believe, however, that this Court has referred to "mere arrangement of printed matter" in a special sense on which the history of the cases relating to printed matter as a subject for patents will throw considerable light."

In his brief, counsel has carefully analyzed several court decisions, and concludes from the views expressed in those decisions that charts which merely furnish information or afford advice to the user, identifying marks for commercial products, blank forms designed to facilitate the doing of business, etc., are not patentable subject matter within the purview of the statute. Counsel states, however, that: "A combination of certain *printed information and a specific physical structure of a sheet of paper or the like* may be patentable where the structure *by mechanical manipulation* contributes to the *utility* of the *printed information* or where the printed information and the structure cooperate to produce a useful result." (Italics ours.)

It is conceded by counsel for appellant that the "scale," as defined in claim 10, "does not fall within the favored group of physical structures consisting of component parts which cooperate with certain printed matter." He argues, however, that the "scale"

 

defined in that claim is an article of manufacture, because its *"sole purpose is mechanical manipulation into proper relationship. with a record taken from the surveying instrument to give a characteristic (the inclination) of the instrument in which the record was made, which characteristic is useful in a mechanical art,"* and that it is as distinctly an article of manufacture as thermometers, litmus paper, and neon tubes, because its utility, like that of the enumerated articles, "lies in physical manipulation and when so manipulated gives information of a scientifically useful nature."

Of course, many articles of manufacture, both scientific and otherwise, perform no function and afford no information unless they are manipulated, but they are not articles of manufacture within the purview of section 4886, supra, by virtue of the fact that their utility depends upon use or manipulation.

Appellant's measuring indicia is novel, and, when the sheet of paper on which it appears is manipulated, is useful. However, manipulation or use of his "scale" does not in any way change the character of its structure. There is nothing novel in appellant's paper, even though it may be transparent, as stated in claim 11, nor is there any co-operation, mechanical or otherwise, in a patentable sense between his paper ·and his measuring indicia.

The tribunals of the Patent Office rec-. ognized the utility of appellant's "scale," just as those tribunals and this court recognized the utility of the chart when used in connection with the weighing mechanism in the case of In re Lockert, supra.

In addition to the cases hereinbefore cited, which we think are applicable to the issues involved, the following may be cited: In re Thomas J. Dixon, 44 F.2d 881, 18 C.C.P.A., Patents, 711; In re Edwin L. Bruce, Jr., 56 F.2d 673, 19 C.C.P.A., Patents,'1042; In re Edward J. Clark, 58 F.2d 455, 19 C.C.P.A., Patents, 1166; In re Bolongaro, 62 F.2d 1059, 20 C.C.P.A., Patents, 845; In re McKee, 64 F.2d 379, 20 C.C.P.A., Patents, 1018; In re Johns, 70 F.2d 913, 21 C.C.P.A., Patents, 1099; In re Scott, 76 F.2d 136, 22 C.C.P.A., Patents, 1047; In re Graf, 87 F.2d 218, 24 C.C.P.A., Patents, 848.

We are of opinion that the tribunals of the Patent Office reached the right conclusion.

The decision of the Board of Appeals is affirmed.

Affirmed.