**BULLARD CO. et al. v. COE, Com'r of Patents.**

**No. 8834.**

United States Court of Appeals District of Columbia.

Argued Dec. 8, 1944.

Decided Feb. 12, 1945.

Mr. Paul M. Geist, of Bridgeport, Conn., with whom Mr. Robert C. Watson, of Washington, D. C., was on the brief, for appellants.

Mr. R. F. Whitehead, of Washington, D. C., with whom Mr. W. W. Cochran, Solicitor, United States Patent Office, of Washington, D. C., was on the brief, for appellee.

Before MILLER, EDGERTON and ARNOLD, Associate Justices.

EDGERTON, Associate Justice.

This is a suit under R.S. § 4915, 35 U.S.C.A. § 63, to obtain a patent on an apparatus relating to machine tools. The Patent Office granted certain claims but denied those here on appeal. The District Court agreed with the Patent Office that the appealed claims are not shown to be inventive over Svenson patent 1,797,705.

Appellants contend that Svenson is inoperative. An interested witness, appellants' mechanical engineer, testified that a certain model would not work, that he tried to make it work and knew of no means whereby it would work. On direct examination he testified that this model "shows all the parts there disclosed in this [Svenson] patent." Similarly at the beginning of his cross-examination he testified that "the model was made in accordance with the [Patent Office] drawing." Thus it would appear that the model was an exact reproduction of Svenson. When asked whether he had made any changes in the model he answered that he had incorporated all possible changes which he thought might work. But he admitted that he did not make any other models involving changes in the mechanism.

It is not apparent that the witness wished his experiment to succeed. He had been employed by appellant company for nine years and there is nothing to suggest that he was not a loyal employee. We have not the slightest doubt of his honesty, but the fact remains that an interest in losing the game is a poor qualification for winning it. Theoretically a man may "try," as the witness tried, to achieve a result adverse to his own interest, but his effort is not likely to be very efficient. His lack of success may be evidence, but it would be strange to regard it as entirely conclusive evidence, that an equally competent man who desired success could not have achieved it.

In order to show that the appealed claims are inventive it was necessary for appellants to prove that Svenson (1) was not operative and (2) could not be made operative by slight changes with-

in the skill of a competent mechanic or, in other words, without inventive genius. Crown Cork & Seal Co. v. Aluminum Stopper Co., 4 Cir., 108 F. 845, 849; Manhattan Book Casing Mach. Co. v. E. C. Fuller Co., D.C., 274 F. 964, affirmed, 2 Cir., 204 F. 286. The burden of proof was on appellants. Their engineer's evidence would have supported a finding in their favor but we cannot say that it required such a finding. Decision turned upon balancing the more or less probable correctness of the engineer's opinion against the probable correctness of the action of the Patent Office in granting Svenson's patent and in denying the claims in suit. We are not to disturb the action of the Patent Office and the District Court unless we think it clearly wrong.

Affirmed.