**INTERNATIONAL STANDARD ELECTRIC CORPORATION v. OOMS, Commissioner of Patents.**

Nos. 9111–9113.

United States Court of Appeals District of Columbia.

Argued Feb. 6, 1946.

Decided June 28, 1946.

Mr. Paul Kolisch, of New York City, with whom Mr. Ralph B. Stewart, of Washington, D. C., was on the brief, for appellant.

Mr. E. L. Reynolds, of Washington, D. C., with whom Mr. W. W. Cochran, Solicitor, United States Patent Office, of Washington, D. C., was on the brief, for appellee.

Before EDGERTON, WILBUR K. MILLER, and PRETTYMAN, Associate Justices.

EDGERTON, Associate Justice.

These appeals are from judgments of the District Court dismissing complaints under R.S. § 4915, 35 U.S.C.A. § 63, to obtain patents. The Patent Office and District Court have held that the disclosures (descriptions) in appellant's applications are not sufficient. The statute provides that "Before any inventor or discoverer shall receive a patent for his invention or discovery he * * * shall file in the Pat-

ent Office a written description of the same, and of the manner and process of making, constructing, compounding, and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art or science to which it appertains, or with which it is most nearly connected, to make, construct, compound, and use the same * * *"[1]

The alleged inventions are calculating devices. They are not composed of usual calculating-machine parts, but of relays, switches and other parts which, in the words of the applications, are "of types used widely in telephone exchange systems", viz. automatic-telephone systems. A Patent Office examiner, expert in the calculating-machine art but not in the automatic-telephone art, could not make head or tail of the descriptions. He thought they were therefore insufficient. The Board of Appeals of the Patent Office agreed with him. It left undecided, as immaterial, the question whether the descriptions would enable an automatic-telephone man to make and use the inventions.

The District Court found that the inventions "appertain" to the calculating-machine art and are not "most nearly connected" with the automatic-telephone art; that the disclosures would not enable persons skilled in the calculating-machine art to make and use the inventions; and that it had "not been established" that they would enable persons skilled in the automatic-telephone art to make and use the inventions. There was no evidence that any person skilled in the automatic-telephone art and not also in the calculating-machine art had ever shown, or said, that he could make the devices from the disclosures. Though a witness stated positively that such a person could do so, the court was under no obligation to accept this untested opinion as conclusive. The witness was an automatic-telephone expert who had substantial experience in the calculating-machine art; he was associated with the development of appellant's device long before the applications were prepared; and he was employed by a corporation affiliated with appellant.[2]

Accordingly the record supports the court's finding that the ability of automatic-telephone men to use the disclosures was not established.

Appellant contends that an automatic-telephone man could use the disclosures and that they are therefore sufficient. The Commissioner's theory, on the other hand, is that a device the purpose of which is calculation or computation necessarily "appertains to" the calculating-machine art and cannot be "most nearly connected" with any other art. This theory apparently rests on the assumption that the "art" to which an invention pertains must depend upon similarity of ends and cannot depend upon similarity of means, methods, or techniques. Ordinary usage contradicts this assumption. The Century Dictionary has among its definitions of art "1. * * * the employment of given means to effect a purpose * * *. 4. A system of rules and traditional methods for facilitating the performance of certain actions." The Oxford Dictionary has among its definitions "I. Skill; its display or application * * *. II. Anything wherein skill may be attained or displayed". All this suggests means quite as much as ends. Moreover, the Commissioner's theory regarding "art" ignores the word "science" in the statutory phrase "the art or science". In ordinary thought, one science is differentiated from another quite as much by special knowledge and techniques as by special intentions and results. Unless the purpose of the patent law requires a narrower construction, the phrase "the art or science" is broad enough to connote processes as well as products.

"The limits of a patent must be known for the protection of the patentee, the encouragement of the inventive genius of others and the assurance that the subject of the patent will be dedicated ultimately to the public".[3] These reasons for the statutory requirement of disclosure do not suggest that Congress intended "the art or science" to be determined, contrary to ordinary usage, by reference to products or results alone.

---

[1] R.S. § 4888, 35 U.S.C.A. § 33.
[2] Cf. Bullard v. Coe, 79 U.S.App.D.C. 369, 147 F.2d 568.

[3] General Electric Co. v. Wabash Appliance Corp., 304 U.S. 364, 369, 58 S. Ct. 899, 902, 82 L.Ed. 1402.

 The present question of law comes to this. When a technique previously used for one purpose (the construction of automatic-telephone equipment) is applied to a second purpose (the construction of calculating equipment), must the innovator describe the technique so that it can be used by men who know nothing about it but are skilled in applying different techniques to the second purpose? Such a description may not be possible and, we think, is not required. "The specification of a patent is not addressed to people who are ignorant about the subject-matter. It is addressed to people who know something about it". [4] We cannot reconcile the Commissioner's theory with that principle. If his theory is correct, the invention of the steamboat involved nothing patentable. No description of the mechanism of a steamboat would be likely to enable an ordinary skilled builder of sail-boats or row-boats to make it, and if, as appellee's present theory implies, the only "art" concerned was the making of boats, a description which taught builders of stationary engines to make the mechanism of a steamboat was not sufficient. We think "the art or science to which [an invention] appertains, or with which it is most nearly connected" is the most relevant art or science, i. e., the one whose adepts have the best chance of being "enable[d] * * * to make, construct, compound, and use" the invention.

 Though appellant did not, in the District Court, discharge its burden of proving that a man skilled in the most relevant art or science could build appellant's devices from the disclosures, we think the ends of justice will be best served by remanding the case to the District Court with instructions to hold it until the Patent Office decides whether in its opinion that is the case. [5]

So ordered.

---

[4] Plimpton v. Malcolm, 3 Ch.Div. 531; A. B. Dick Co. v. Barnett, 2 Cir., 288 F. 799, 801.

[5] Cf. Addison v. Holly Hill Co., 322 U.S. 607, 619–623, 64 S.Ct. 1215, 88 L. Ed. 1488, 153 A.L.R. 1007.