**Harry A. PURSCHE, Plaintiff,**

v.

**Edward J. BRENNER, Commissioner of Patents, Defendant.**
**Civ. A. No. 566–65.**

United States District Court
District of Columbia.

July 19, 1966.

Leo A. Rosetta, Bacon & Thomas, Washington, D. C., John B. Young, Lyon & Lyon, Los Angeles, Cal., for plaintiff.

George C. Roeming, Washington, D. C., for defendant.

OPINION

JACKSON, District Judge.

This is a civil action under 35 U.S.C. § 145 to obtain a reissue patent containing Claims 17 to 19, 25, 26, and 37 to 43 of application Serial No. RE 211,930, filed July 11, 1962 for "Two Way Plow." The original patent No. 2,625,090, issued January 13, 1953, has been held valid and infringed by the Court of Appeals for the Ninth Circuit in Pursche v. Atlas Scraper and Engineering Co., 300 F.2d 467 (1961).

Since it strongly appears to this Court that the Solicitor and the Patent Office tribunals have not viewed the claimed combinations in this case "as a whole" as required by statute, 35 U.S.C. § 103, the following statement in the Ninth Circuit Opinion for the *Atlas* case is believed pertinent here:

"Dissecting old machines, taking elements from each and verbally constructing the Pursche 090 plow does not aid Atlas for Pursche is *not claiming* as his invention the *individual parts* but their *new relationship together* which achieves what the district court found to be the answer to the need in the two-way plow art." 300 F.2d at 478. (Emphasis added.)

Since each of the prior art rejections of the claims at issue here require the use of Collins U. S. Patent No. 2,153,824 as a secondary reference, the propriety of these obviousness rejections hinges on the alleged inoperativeness of the subject matter shown and described in Collins. Plaintiff has provided clear and convinc-

---

ing evidence which thoroughly convinces the Court that the expired American patent to Collins discloses only inoperative subject matter, with regard to the single-ended hydraulic cylinder or ram assembly. Accordingly, none of the prior art rejections requiring the use of Collins as a secondary reference will be sustained.

Plaintiff's clear and convincing evidence in this case as to the inoperability of the expired Collins patent device consists of trial testimony of a disinterested expert witness, Professor of Agricultural Engineering Ernest Scarborough of the University of Delaware. See United States v. Adams (expired British patent) 383 U.S. 39, 86 S.Ct. 708, 15 L.Ed.2d 572 (1966). Cf. Bullard Co. et al. v. Coe (interested expert witness), 79 U.S. App. D.C. 369, 147 F.2d 568 (1945) and Freeman et al. v. Brenner (unexpired American patent), 254 F.Supp. 39 (D.D.C. 1966).

Pursuant to Rule 52(a), Federal Rules of Civil Procedure, the Court states its Findings of Fact and Conclusions of Law separately as follows:

## FINDINGS OF FACT

1. This is an action under 35 U.S.C. § 145 in which plaintiff now seeks an order from the Court authorizing defendant to issue a reissue patent to him containing claims 17 to 19, 25, 26, and 37 to 43 of his application Serial No. RE 211,930, filed July 11, 1962, for "Two Way Plow". Fifteen other claims in the application have been allowed by the Primary Examiner.

2. The patent application in suit is for a reissue of the original Patent No. 2,625,090 granted to plaintiff on January 13, 1953. The validity of the original patent has been adjudicated favorably to plaintiff by the Court of Appeals for the Ninth Circuit in an opinion dated December 12, 1961, Pursche v. Atlas Scraper and Engineering Co., 300 F.2d 467, Cert. Den. 371 U.S. 911, 959, 83 S.Ct. 251, 499, 9 L.Ed.2d 170, 507.

3. Plaintiff's invention relates to two-way plows which have a set of right-hand plowshares and a set of left-hand plowshares; while one set is in use the other set is idle. As set forth in the original patent specification and as quoted in the Ninth Circuit Opinion:

"Two-way plows have been found to be superior to the conventional one-way plow in maintaining a level field, so that hills and gullies are avoided and the irrigation of the field is facilitated. One gang of plows is employed while the device is pulled across the field in one direction and when the device is returned parallel to the furrow just completed the other gang of plows is used and accordingly no gully is formed. The usual leveling operations subsequent to plowing are thereby eliminated."

4. Plaintiff is a farmer, and he personally constructed the first two-way plows embodying the claimed invention in his own shop.

5. The essential characteristic of the invention is the ability to bring either of the two sets of plowshares into operative position under positive hydraulic control from the operator's seat. This advantage of positive control is derived from the structural features set forth in each of the claims now before this Court. Claim 37 is representative:

37. In a two-way plow assembly, the combination of a mobile frame having a cross member, a carrier mounted to turn on the frame about an axis extending longitudinally of the frame, a set of right hand plows and a set of left hand plows fixed on said carrier on opposite sides of said axis, means including hydraulic turning mechanism operatively interposed between said frame cross member and said carrier to turn the carrier about said axis independently of either simultaneous forward movement or simultaneous lifting movement of said frame to bring either set of plows into operative position, and a single supporting wheel on the carrier laterally offset from said axis to roll on unplowed ground when either set of plows is in operation.

6. After a twenty-seven day trial in the District Court for the Southern District of California, including a field demonstration of plaintiff's two-way plows, the trial Judge held all claims of plaintiff's original patent No. 2,625,090 valid and infringed, except for Claim 1, which was held invalid. On appeal to the Court of Appeals for the Ninth Circuit, fifteen claims of the patent were held valid and infringed, but twelve other claims were held invalid for failure to include the specific limitation to a hydraulic turning mechanism. As stated by that Appellate Court in its opinion:

"\* \* \* It appears from the patent that claims 1 through 5, 10, 14, 17, 18, 19, 25 and 26 variously state that the plow is equipped with 'means on the frame adapted to turn the carrier' or 'power means on the frame adapted to turn the carrier.' Such broad and general descriptions apply equally to all mechanisms including the one found in the Capon patent which consists of gears connected to the wheels rather than the *hydraulic turning mechanism* possessed by 090. The phrase 'power means' merely suggests the use of mechanical energy as opposed to manual energy and describes generally the mechanism of both plows." 300 F.2d at 474. (Emphasis added.)

"However, Claims 12 and 27 point out specifically that the power means incorporated with the carrier to effect its rotation is a hydraulic cylinder assembly. This detailed description distinguishes these claims from the generality of the others and excludes the Capon and Unterilp plows from their limited scope." 300 F.2d at 475.

Thus, the vitalizing limitation which the Ninth Circuit held to be necessary in the claims in order to patentably distinguish them from the prior art (including inter alia Kaltoft U. S. 2,187,380) was the "hydraulic turning mechanism" having the "ability to bring either of the two sets of plow shares into operative position independent of any other movement." The present application for a *narrowed* reissue patent was filed in order to add the additional specific limitation to the claims thus held invalid, for the purpose of overcoming the basis of the holding of invalidity.

7. The Board of Appeals of the Patent Office affirmed the Examiner's rejection of all of the claims before this Court as being unpatentable over the following prior art patents:

| | |
|---|---|
| Collins | 2,153,824 |
| Capon et al. | 2,426,548 |
| Dexheimer et al. | 2,609,740 |
| Unterilp (Germany) | 49,222 |
| Amiot (Great Britain) | 163,473 |

The claims in issue were rejected as unpatentable over various combinations of these reference patents, as follows: Claims 17, 39, and 41: Capon, Collins, Unterilp; Claims 19, 42, and 43: Capon, Collins; Claim 18: Amiot, Collins. Claims 37, 38, and 40: Amiot, Collins, Unterilp. Claims 25 and 26: Dexheimer, Collins.

8. Each of the patent references now relied upon by the Patent Office was before the trial Court and was listed in the Record on Appeal before the Court of Appeals for the Ninth Circuit. Pursche v. Atlas Scraper and Engineering Co., supra. The Capon and Dexheimer patents were specifically mentioned by the Appellate Court in its Opinion.

9. The Collins Patent No. 2,153,824 relied on by the Patent Office as a secondary reference in the rejection of each of the claims before this Court does not disclose a reliably operative device. The hydraulic cylinder or ram disclosed in the expired Collins patent moves to a vertical dead center position when actuated by fluid pressure, and in that position the ram cannot again swing the earth-flinging rotors either to the left or to the right. Even if the ram should fall away from the vertical dead center position when the hydraulic fluid pressure is released, it has one chance in two of falling to the wrong side, where it is again inoperative to reverse the helical rotors. Also, the hydraulic mechanism of Collins only initiates movement; it

**220**

does not control it. This is to be contrasted with the positive operation of plaintiff's "operatively interposed" hydraulic turning mechanism which maintains the plow carrier under constant control of the operator. Furthermore, the device of the Collins patent can only be used when the part which is turned has an exposed overhanging end, and the devices disclosed in the other reference patents, especially Capon et al., are not constructed in that manner.

10. It is not proper to combine the inoperative disclosures of the expired American patent to Collins with those of the other reference patents before this Court to anticipate or render obvious the subject matter of the claims at issue here.

11. There is no evidence to show that the two-way device of the Collins patent was ever in commercial use. On the contrary, the evidence shows that the same inventor developed a one-way device with a single plow and rotor and without any hydraulic ram, which device achieved considerable commercial success under the mark "Whirlwind Terracer."

12. No new evidence has been presented to this Court sufficient to induce a contrary view, and therefore this Court, in accord with the principle of comity, adopts the position taken by the Court of Appeals for the Ninth Circuit in its decision with respect to the patentability of plaintiff's invention in relation to the prior art, especially the Capon, Dexheimer, and Kaltoft patents.

13. The evidence carries thorough conviction that the subject matter sought to be patented would not have been obvious, at the time plaintiff's claimed invention was made, to a person having merely ordinary skill in the art to which the subject matter pertains.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction over the subject matter of this action. 35 U.S.C. § 145.

2. The differences between the subject matter sought to be patented (in Claims 17–19, 25, 26, and 37–43) and the

prior art are such that the subject matter "as a whole" would not have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. 35 U.S.C. § 103.

3. Claims 17–19, 25, 26, and 37–43 each defines a new, useful, unobvious and therefore patentable combination. 35 U.S.C. §§ 101 to 103.

4. Plaintiff is entitled to a reissue patent containing Claims 17–19, 25, 26, and 37–43 "as the facts in the case * * * appear" to this Court. 35 U.S.C. § 145.