55 CCPA

**Application of Sigurd I. LINDELL.**

**Patent Appeal No. 7847.**

United States Court of Customs and Patent Appeals.

Nov. 9, 1967.

Robert R. Lockwood, Chicago, Ill., (Harris C. Lockwood, Washington, D. C., of counsel), for appellant.

Joseph Schimmel, Washington, D. C. (S. Wm. Cochran, Washington, D. C., of counsel), for Commissioner of Patents.

Before WORLEY, Chief Judge, RICH, SMITH and ALMOND, Judges, and WILLIAM H. KIRKPATRICK.*

RICH, Judge.

This appeal is from a decision of the Patent Office Board of Appeals[1] affirming the final rejection of claims 1–8 in appellant's application serial No. 174,777, filed February 21, 1962, entitled "Circuit Interrupter Construction." No claim has been allowed.

The invention is a circuit breaker in which an arc is formed when the circuit is interrupted and in which the arc-confining surfaces are made of fluorinated ethylene propylene (FEP). Except for the use of this material the claimed structure is old.

Claim 1 is illustrative (emphasis ours):

> 1. An electric circuit interrupter comprising, in combination, means between which an arc is formed on interruption of the circuit, and a structure adapted to confine said arc having its arc confining surface formed of *fluorinated ethylene propylene.*

The other claims described the structure in greater detail. The issue in this case is solely the obviousness of making the arc-confining surface of FEP.

The examiner cited the following patents:

| | | |
|---|---|---|
| Lindell | 2,591,950 | April 8, 1952 |
| Browne et al. | 2,924,690 | Feb. 9, 1960 |
| Gordon | 3,057,952 | Oct. 9, 1962 |

He also cited a sales bulletin of the DuPont Company, entitled "Teflon 100 FEP,"[2] which was received in the Patent Office on September 6, 1961.

The Lindell[3] and Browne et al. patents show generally the structures of the claims. In the Lindell disclosure, however, the arc-confining surface is of fiber and methyl methacrylate; in Browne et al. it is of polytetrafluoroethylene (TEFLON). The Gordon patent and the sales bulletin were cited to show the obviousness of substituting FEP in the arc-confining surface for the materials used in the Lindell and Browne et al. circuit breakers. Gordon teaches that FEP approaches TEFLON in its desirable qualities and is more tractable and that each can be used as electrical insulation. The DuPont sales bulletin reports essential equivalence in the "outstanding electrical properties" of FEP and TEFLON. It discloses that FEP has high dielectric strength and that "like TEFLON TFE resins, TEFLON 100 has good arc resistance and will not carbon track."

The examiner relied heavily on the sales bulletin in her rejection, stating in her Examiner's Answer:

> Since the publication compares FEP with TFE and indicates that these materials are alike, and have essentially the same properties, it would appear apparent that a practitioner in the art would be led to the use of "fluorinated ethylene propylene" in the locales in which polytetrafluoroethylene has found favor for many years, as for example the patent to Brown[e] Jr. et al.
>
> Further since TFE as utilized in the Brown[e] Jr. et al. patent has been demonstrated as having general utility in *circuit interrupter* structures which previously utilized other resinous ma-

---

* Senior District Judge, Eastern District of Pennsylvania, sitting by designation.

1. Consisting of Friedman and Keely, Examiners-in-Chief, and Reynolds, Acting Examiner-in-Chief, author of the opinion.

2. Fluorinated ethylene propylene (FEP) is apparently marketed as TEFLON 100 or TEFLON 100 FEP. Polytetrafluoroethylene is marketed as TEFLON or TEFLON TFE. To avoid confusion, FEP will be used for fluorinated ethylene propylene and TEFLON will be used only for polytetrafluoroethylene.

3. The same Lindell who is appellant in this case.

terials, such as the methyl methacrylate resin of Lindell, it clearly follows that FEP could likewise be used in such locales.

Appellant focuses attention on the examiner's immediately subsequent restatement of the rejection in which she said:

> Stated differently; as newer resins are developed and become known—together with their advantages, capabilities, and comparisons with prior resins—such as FEP as disclosed by the Gordon patent and the publication, it would be logically expected that the person skilled in the art would at least try their substitution for existing materials of the same usage; as for example, the polytetrafluoroethylene and methyl methacrylate materials of the Brown[e], Jr. et al. or Lindell patents. The fact that routine experimentation may be necessary to determine the exact capabilities of the newer resin does not detract from the obviousness of the use of the newer resin as a substitute for previously used resins.

The board adopted the examiner's position and added:

> It is our opinion that the disclosure in the DuPont bulletin would at least suggest to one skilled in the art to try fluorinated ethylene propylene in circuit breakers of the type shown in Lindell and Browne et al.[4]

Appellant argues that the "obvious to try" test seemingly applied is not the test prescribed by the statute and that the unobviousness of his invention is shown not only by the failure of any of the references to suggest the utilization of FEP in the old circuit breakers but also by his own affidavit which affirmatively declares that the invention was, indeed, unobvious at the time it was made.

Appellant also notes the superior performance of the circuit breakers of the invention compared with those of the references under certain conditions. He does not, wisely we think, argue that these data alone establish patentability.

Superior results do not necessarily preclude a finding of obviousness, even when they are not precisely forecast by the relevant art. The statutory mandate is for an evaluation of the invention as a whole. In re Schnell, 370 F.2d 596, 54 CCPA 1266 (1967).

On the other hand, a refusal to consider superior results is no more warranted by the statute than a total preoccupation with them. Accordingly, we have criticized the "obvious to try" test on several recent occasions. In re Henderson, 348 F.2d 550, 52 CCPA 1656 (1965); In re Huellmantel, 324 F.2d 998, 51 CCPA 845 (1963).

Furthermore, application of the "obvious to try" test would often deny patent protection to inventions growing out of well-planned research which is, of course, guided into those areas in which success is deemed most likely. These are, perhaps, the obvious areas to try. But resulting inventions are not necessarily obvious. Serendipity is not a prerequisite to patentability. Our view is that "obvious to try" is not a sufficiently discriminatory test. In re Tomlinson, 363 F.2d 928, 53 CCPA 1421 (1966).

However, the solicitor argues that use of the phrase "obvious to try" is not *per se* error since it may reflect no more than a prudent recognition of the possibility of failure. See In re Pantzer, 341 F.2d 121, 52 CCPA 1135 (1965); In re Ruscetta, 255 F.2d 687, 45 CCPA 968 (1958). Possibly the board here used the phrase in this sense. We prefer to rest our decision, however, on the board's formal adoption of the examiner's straightforward finding of obviousness.

The lack of explicit suggestion in the prior art to make the substitution of FEP in the conventional circuit breaker is, of course, not fatal to the finding of obviousness. In re Rosselet, 347 F.2d 847, 52 CCPA 1533 (1965). The art, in our view, fairly suggests the interchangeability of FEP with the material hitherto used. That is certainly enough in this case.

---

4. This "obvious to try" language was repeated several times in the board's opinion.

Finally, appellant relies on his own affidavit. He establishes, first, his competence in the field and acquaintanceship with the prior art and then avers:

6. . That the test results so obtained and the information available in the prior art such as said DuPont publication and said Gordon patent did not make it obvious to him that fluorinated ethylene propylene could be employed in a circuit interrupter having means between which an arc is formed on the interruption of the circuit with a structure for confining the arc having the arc confining surface formed of fluorinated ethylene propylene from which the material evolved due to the heat of the arc would have improved arc extinguishing properties and which, after circuit interruption, would still provide the required insulation between the energized terminals of the circuit such that the voltage then present therebetween would not cause the arc to be reestablished as the result of the arc confining surface having been subjected to the intense heat of the arc which was drawn within its confining surface and extinguished as the result of an arc extinguishing gas derived therefrom and which would not be so eroded or altered that it could not be used for repeated circuit interruptions at various current levels.

The board gave the affidavit little consideration:

* * * appellant calls attention to the affidavit of appellant in this case in which it is pointed out that it would not be obvious from the references that FEP could be used for arc extinguishing purposes. It is our opinion that this affidavit amounts to nothing more than an expression of opinion as to the patentability of the device, and is entitled to no weight.

Appellant objects:

It is submitted that appellant's affidavit is entitled to some weight and that the record should contain some basis for ignoring it so completely. Of course the question of obviousness must be decided by the Tribunal before whom the question is posed. However, this decision must rest on or find a basis in the facts and circumstances involved.

 Appellant's opinion on the ultimate legal issue is not evidence in the case. In re Chilowsky, 306 F.2d 908, 50 CCPA 806 (1962). While we do feel that *some* weight ought to be given to a persuasively supported statement of one skilled in the art on what was not obvious to him. In re Weber, 341 F.2d 143, 52 CCPA 1015 (1965), here, we think, despite appellant's contrary assertions, that the legitimate inferences from the art of record are too strong to be affected by the weight to which the affidavit is entitled.

The decision of the board is affirmed.

Affirmed.

WORLEY, C. J., concurs in the result.