55 CCPA

**Application of Paul J. NAQUIN, Jr.**

**Patent Appeal No. 7963.**

United States Court of Customs
and Patent Appeals.

July 3, 1968.

J. Arthur Young, Donald J. Quigg, Bartlesville, Okla., L. Malcolm Oberlin, Washington, D.C., for appellant.

Joseph Schimmel, Washington, D.C. (S. Wm. Cochran, Washington, D. C., of counsel), for the Commissioner of Patents.

Before WORLEY, Chief Judge, and Judges RICH, SMITH, ALMOND, and KIRKPATRICK.*

RICH, Judge.

This appeal is from a decision of the Patent Office Board of Appeals[1] affirming the final rejection of claims 1–3 of appellant's application serial No. 237,-830, filed November 15, 1962, entitled "Analysis of Seismic Signals." No claim has been allowed.

The invention is a method of underground surveying in which seismic waves, generated at various locations on the earth's surface, travel into the earth and are reflected by subterranean formations back to the surface where they are detected and measured by appropriately placed geophones.

Analysis of the reflected waves permits a determination of the shape of underground formations. However, the heterogeneous nature of the earth through which the waves travel introduces unpredictable error into the analysis. Appellant eliminates this error by a complex series of mathematical computations, the general nature of which can be gleaned from reading claim 1:

> 1. A method of seismic surveying which comprises *imparting vibrations* to the earth sequentially at a plurality of first locations spaced from one another, separately *recording vibrations* reflected from subterranean formations to each adjacent pair of a plurality of second locations spaced from one another at the surface of the earth to provide a plurality of pairs of seismic signals for each adjacent pair of said plurality of second locations, each pair of seismic signals for a given pair of said plurality of second loca-

---

* Senior District Judge, Eastern District of Pennsylvania, sitting by designation.

[1]. Consisting of Kreek and Keely, Examiners-in-Chief, and Andrews, Acting Examiner-in-Chief, opinion by Andrews.

tions being representative of vibrations imparted to the earth from a respective different one of said plurality of first locations, *producing a cross correlation signal* for each of said pairs of seismic signals, *adding the cross correlation signals* for each of said pairs of seismic signals for each of said adjacent pairs of said plurality of second locations to produce a composite correlation signal for each of said adjacent pairs of said plurality of second locations, *determining the time difference* of each of the composite correlation signals corresponding to the maximum peak value of the respective composite correlation signal, *plotting the value of time difference* thus determined versus the location of the respective adjacent pair of said plurality of second locations to form a time difference curve, *making a running integration* of the time difference curve to obtain a dip curve, and *subtracting* said dip curve from said time difference curve to produce a time correction curve. [Emphasis ours.]

Appellant's brief says that the requisite calculations would be "extremely time-consuming and cumbersome" without the use of a digital computer. Accordingly, appellant's specification is addressed to such use.

The invention claimed is concededly new, useful, and unobvious. The existence of patentable subject matter has not been questioned. The only issue in the case is whether appellant's specification sets forth the method "in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains" to use it. 35 U.S.C. § 112, first paragraph. The board held that the specification was deficient in this respect. We reverse. We find no substantial basis in this record to support the board's decision.

The examiner's final rejection reads, in part:

\* \* \* the mere allegation that one skilled in the art would be able to select appropriate components of the computer does not make it so. It is noted that 35 u s c 112 [sic] requires the description contained in the specification to be so clear as to enable any person skilled *in the art to which it* pertains, to make and use the device. This application is drawn to an invention in the art of seismic signal processing, not the computer art.[2]

\* \* \* \* \* \*

There is no disclosure in the present application of how the steps of "adding," "determining the time difference", "making a running integration", etc. are performed on the computer in terms of these elemental operations other than the allegation that *"principles of program sequences of such computers are equally well known"* \* \* \*. The examiner *agrees that such principles are well known to those skilled in the computer art,* however applicant claims a specific method apart from general principles. Further experimentation should not be required of those skilled in the art in order to perform the specific method claimed. Applicant has claimed a specific method of applying these principles but has not disclosed how the method is performed. [Emphasis ours.]

Appellant apparently replied[3] to the effect that the proper test would be the sufficiency of the specification to inform a skilled programmer.

Another examiner assumed responsibility for the case at this juncture and

2. This statement was made in a discussion of claims other than those on appeal. It is, however, the examiner's view of the general principle and it sharpens our appreciation of his subsequent comments.

3. Appellant's reply is not in the record in this court.

wrote the following in the Examiner's Answer:

> Appellant argues that a skilled programmer can program the computer given appellant's disclosure and the Rule 132 affiants so state. It is noted, however, that the claims on appeal are drawn to a method of seismic surveying, not a method of computer programming. The statute, 35 U.S.C. 112, requires that the specification be so clear "as to enable any person *skilled in the art to which it pertains* \* \* \* to make and use the same", (emphasis added). Thus on their face, appellant's arguments clearly show that, while one skilled in the computer programming art may perform the method, one skilled in the seismic prospecting art cannot.

It is clear that each examiner thought appellant's specification inadequate because it would not teach one skilled in the seismic prospecting art how to program a computer.

■ The board, however, rejected this criterion for the specification's adequacy, saying:

> Such information [in the specification] must be adequate to enable a programmer of ordinary skill to prepare such a program, not necessarily in the detail that would inform a seismic surveyor as to how to program a computer but certainly in more detail than would suffice for a skilled mathematician to carry out the specified operations with pencil, paper and a ruler.

We agree. The specification need describe the invention only in such detail as to enable a person skilled in the most relevant art to make and use it. When an invention, in its different aspects, involves distinct arts, that specification is adequate which enables the adepts of each art, those who have the best chance of being enabled, to carry out the aspect proper to their specialty. International Standard Electric Corp. v. Ooms, Com'r, 81 U.S.App.D.C. 215, 157 F.2d 73 (1946).

The board nevertheless *sustained* the rejection with the following statement:

> We cannot say as a matter of law from the record in this case that this apparent deficiency of the instant specification would be supplied by prior knowledge or that the basis of the Examiner's challenge was clearly erroneous.

■ This, of course, is the language of reliance—of deference to the examiner's determination. It is incongruous when the only criterion employed by the examiner is simultaneously rejected. It is obviously error when that criterion is seriously flawed. Cf. Morgan v. United States, 298 U.S. 468, 481, 56 S.Ct. 906, 80 L.Ed. 1288 (1936).

■ The board dismissed affidavits, filed by appellant, as opinions and, further, as the opinions of those with a broader expertise than that of an ordinary programmer. We agree with the board that the affiants' opinions on the ultimate legal issue are not evidence in the case. In re Lindell, 385 F.2d 453, 55 CCPA —— (1967); In re Chilowsky, 306 F.2d 908, 50 CCPA 806 (1962). However, we think that statements of fact, however commingled with inadmissible assertions, ought to be considered. In re Weber, 341 F.2d 143, 52 CCPA 1015 (1965). Here, one of the affidavits contains a sworn statement, made of the affiant's own knowledge, that the average computer programmer is familiar with subroutines for running integration, addition, etc. If this statement is true, the examiner's rejection is, of course, baseless. In the absence of a challenge to the affiant's qualifications or, at the very least, a contrary inference by the board or examiner from the other evidence, we are unable to hold that this record supports the board's affirmance. The decision of the board is, therefore, reversed.

Reversed.