**Application of William R. ELLIS.**
**Patent Appeal No. 8829.**

United States Court of Customs and Patent Appeals.

Jan. 18, 1973.

John R. Walker, III, Memphis, Tenn., attorney of record, for appellant.

S. Wm. Cochran, Washington, D. C., for the Commissioner of Patents; Fred W. Sherling, Washington, D. C., of counsel.

Before MARKEY, C. J., RICH, ALMOND, BALDWIN and LANE, Judges.

MARKEY, Chief Judge.

This appeal is from the decision of the Patent Office Board of Appeals affirming the examiner's rejection of claims 1 and 3–5 of appellant's application for "Basic Clamping Mechanism", serial No. 607,496, filed January 5, 1967, as obvious in view of the prior art. (35 U.S.C. § 103). We affirm.

The invention relates to a hydraulic mechanism for operating opposed clamping arms of a lift truck. Appellant points out that such arms have been conventionally actuated by upper and lower piston-cylinder assemblies connected respectively thereto. The vertical spacing of the assemblies is said to produce unbalanced forces on the respective arms, resulting in undesired twisting and skewing. Appellant provides a balanced force on the arms through use of a central piston-cylinder assembly operating one arm and upper and lower piston-cylinder assemblies operating the other.

Independent claims 1 (recited below) and 5 set forth the basic structure. Dependent claims 3 and 4 add equality of size of the pistons operating each arm and equality of movement of the arms.

1. A basic clamping mechanism for supporting clamp means and the like from a lift truck having a carriage, said mechanism comprising a vertically disposed main frame, a pair of vertically disposed and horizontally spaced sub-frame means for respectively mounting said clamp arms and the like thereon, guide means movably supporting respectively said pair of sub-frame means from said main frame adjacent opposite sides of said main frame for rectilinear movement of said sub-frame means inwardly towards [sic] and outwardly away from one another, a single horizontal cen-

tral piston-cylinder assembly means interconnected between one of said sub-frame means and said main frame for moving said one of said sub-frame means towards [sic] and away from the other of said sub-frame means, an upper and a lower piston-cylinder assembly means interconnected between said other of said sub-frame means and said main frame for moving said other of said sub-frame means inwardly and outwardly simultaneously with the inward and outward movement of said one of said sub-frame means, said upper piston-cylinder assembly means being disposed in parallel relationship to said central piston-cylinder assembly means and spaced thereabove, and said lower piston-cylinder assembly means extending in parallel relationship to said central piston-cylinder assembly means and spaced therebelow the same distance as said upper piston-cylinder assembly means is spaced thereabove.

The claims were rejected by the examiner as obvious over Berge[1] in view of Smith[2] and Oster[3]. In affirming, the board discussed only Berge and Smith, finding Oster merely cumulative to Smith. We agree with the board's view of Oster and will not discuss it further.

Berge discloses a clamping system for a lift truck wherein two vertically displaced piston-cylinder assemblies operate respective opposed clamp arms for equal movement toward or away from each other.

Smith discloses a lift truck which handles coils of material having holes in their centers. Like Berge, Smith includes two opposed arms. One arm carries a mandrel which is first moved into the hole of a vertically positioned coil and is then expanded to fit the hole. The second arm is subsequently moved inwardly to clamp the coil between the two arms. The coil can then be raised and moved, with a 90 degree rotation if desired, to its new location. Hydraulic operators for the arms include a central piston-cylinder assembly operable to move the first arm and two piston-cylinder assemblies respectively above and below the first and together operable to move the second arm, just as in appellant's structure.

The board held that it would have been obvious to a person of ordinary skill in the art to use the three piston-cylinder assembly arrangement of Smith for actuating the clamp arms of Berge. Affidavits submitted to show the contrary were not considered persuasive. We agree.

Appellant emphasizes that Smith moves his opposed arms to their clamping position sequentially, not simultaneously. We do not consider that significant. Smith's arms ultimately clamp the workpiece with a balanced force because of the particular arrangement of his three piston-cylinder assemblies and Berge moves his arms simultaneously.

It is true that Smith does not specify that his upper and lower piston-cylinder assemblies are equal in size or that their combined size is equal to the size of his central assembly. Nonetheless, his assemblies appear in his drawings to be so related. Moreover, it is hardly conceivable that a mechanic of ordinary skill would fail to recognize the desirability of using such size relationships in the Smith structure or in such a structure substituted in Berge. The equal vertical spacing between the cylinders likewise would be entirely obvious from the Smith disclosure.

Appellant and three other workers in the art provided the affidavits relied on here. Nothing in the record warrants the solicitor's characterization of the other workers as "interested parties." The affidavits do not, however, clearly

1. U.S. Patent No. 3,184,088, issued May 18, 1965.

2. U.S. Patent No. 3,104,023, issued September 17, 1963.

3. U.S. Patent No. 3,008,596, issued November 14, 1961.

establish the existence of any long-standing problem solved by the present invention. At most, the affiants express their opinions uncorroborated by material facts, that the invention was unobvious. They plainly do not overcome the persuasive case for obviousness made out by the prior art. See In re Lindell, 385 F.2d 453, 55 CCPA 707 (1967).

The decision is affirmed.

Affirmed.